CHARLES FELDMAN'S (dependent's) CASE.

Suffolk.    November 14, 1921. — March 3, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act,* To what injuries act applies, Appeal. *Proximate Cause.*

Upon the evidence at the hearing of a claim by a dependent of an employee in a bakery, who, in the midst of a high temperature, was preparing to put dough into an oven when he fell to the floor, striking his head, and died shortly after being removed to a hospital, it was *held,* that the question, whether the injury which resulted in the death of the employee arose out of and in the course of his employment, in the circumstances was one of fact only, and that a decision of the board, adopting that of a single member, that the claimant had failed to sustain the burden of proving such causal connection, was warranted and could not be reversed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board affirming and adopting findings of a single board member, who heard the evidence, that the claimant, the widow and dependent of Charles Feldman, who, she alleged, died while in the employ of Jacob Bikofsky, had "failed to sustain the burden which is upon her of proving that the death of her husband was due to a personal injury which arose out of and in the course of his employment."

In the Superior Court, the claim was heard by *Hammond,* J. Material evidence appearing on the record is described in the opinion. He ruled that the decision appealed from was upon a pure question of fact and by his order a decree was entered, in accordance with the decision of the Industrial Accident Board, dismissing the claim. The claimant appealed.

*G. E. Roewer, Jr.,* for the claimant.

*E. I. Taylor,* for the insurer.

BRALEY, J. The decree to be entered upon presentation of copies of the decision of the Industrial Accident Board should be such a decree as the law required upon the facts shown by the record. *McNicol's Case,* 215 Mass. 497. *Brown's Case,* 228 Mass. 31. *Keohane's Case,* 232 Mass. 487. *Sciola's Case,* 236

Mass. 407, 413. The findings of fact are conclusive if supported by the evidence. *Pigeon's Case*, 216 Mass. 51.

The decedent employed as a baker was preparing to put dough into an oven when he slipped and fell. "His head struck a stone on the floor and he cried out 'Oh, my head.'" It could be found that the cement floor in front of the oven was wet, "the same as it is always," and that the temperature was high "because the three ovens are going all the time." A fellow employee also "heard a fall and cry 'my head.'" While the decedent did not become entirely unconscious and "kept crying about his head and saying that he felt badly," and died within fifteen minutes at the hospital to which he was immediately removed, he made no reference to the cause of his fall; nor did it appear that the fall caused any external physical injuries. The record of the hospital properly received in evidence showed that the patient was admitted in a state of collapse from cerebral hemorrhage. *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526, 540. And the certificate of death stated as the cause "Natural causes, probably cerebral hemorrhage." It was the opinion of the claimant's medical expert who had read the hospital report, that "A man could sustain an epidural or a subdural hemorrhage by reason of slipping and falling and suddenly striking his head upon a cement or stone flooring when there was a loud report or a heavy thud from striking the floor." The decedent however having been fifty-seven years of age, he also testified that in a man of that age it is usual to find hardening of the arteries, and that extreme heat might "induce cerebral hemorrhage." To the question, "Assuming that in this case the deceased was a man fifty-seven years of age and working in a bakery with a temperature very high, would you say that would probably cause a cerebral hemorrhage?" he answered, "Yes, it is probable that the high temperature produced an intracerebral hemorrhage. It was an intracerebral hemorrhage in this case."

The claimant's counsel contends this evidence warranted a finding that the employee suffered an injury as a natural incident of his work, the effect of which caused his death. *McNicol's Case*, 215 Mass. 497, 499. But the causal connection was a question of fact, involving also the credibility of the witnesses, and the decision of the Industrial Accident Board, rested upon

the ground that the claimant had failed to sustain the burden of proving "that the death of her husband was due to a personal injury which arose out of and in the course of his employment" cannot be reversed. *Fitzgibbons's Case,* 230 Mass. 473, 474. *Sanderson's Case,* 224 Mass. 558, 563. *Pass's Case,* 232 Mass. 515. *Bolden's Case,* 235 Mass. 309, 310.

The evidence that the decedent and two of the witnesses for the claimant were members of the baker's union, to the admission of which in cross-examination the claimant objected, cannot affect the result. No prejudicial error is shown. *Pigeon's Case,* 216 Mass. 51.

*Decree affirmed.*