WILLIAM D. STETSON'S CASE.

Suffolk.    November 10, 1925. — November 11, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Procedure: finding of fact by Industrial Accident Board, appeal.

A decree in the Superior Court in a proceeding under the workmen's compensation act, based upon findings of fact in a decision by the Industrial Accident Board which were supported by evidence heard by a single member of the board, must be affirmed.

At a hearing of a claim under the workmen's compensation act based on an alleged injury from hot fat spattering into the eye of the claimant, testimony of a physician, that there was a connection between the con-

dition of the eye at the time of the hearing and its accompanying disability and the injury from the hot fat, will warrant an award of compensation although there is other testimony that such condition was the result of an injury which was subsequent to the injury from the spattering fat and was followed by erysipelas.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board affirming and adopting findings by a single member of the board and awarding compensation to the claimant for injuries received by him while in the employ of Brown and Jewett.

In the Superior Court, the case was heard by *Sisk*, J., by whose order a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*E. I. Taylor, W. H. Tribou*, for the insurer.

*J. B. Mahar*, for the employee.

BY THE COURT. There was evidence that the employee while working in the course of his employment for an insured employer received an injury from hot fat spattering into his eye, and that a few days later while working for a third person he received an injury to his head from which erysipelas developed and affected his eyes for a time. The contention between the parties was whether the present condition of the eye of the employee was a result of the hot fat or the erysipelas. One physician who examined the employee soon after the injury and who also treated him for the erysipelas testified that there was a connection between the present condition of the employee's eye with its accompanying disability and the injury arising from the hot fat. There was evidence of a contrary nature. The question was purely one of fact. The decision of the single member and the board finds support in the evidence. Under the familiar rule, it cannot be reversed. No error of law is disclosed. *Pass's Case*, 232 Mass. 515. *Chisholm's Case*, 238 Mass. 412, 419.

*Decree affirmed.*