## William Roberts's Case.

Suffolk.    October 3, 1933. — October 25, 1933.

Present: Rugg, C.J., Crosby, Pierce, Donahue, & Lummus, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

An award of compensation was not justified in proceedings under the workmen's compensation act where it appeared that the employee, while engaged in painting a house, was given permission by the owner to use an oil heater to obtain hot water required in his work; that shortly after lighting the heater, the employee saw smoke and flames coming from it; and that, while he was attempting to extinguish the blaze, his clothing caught fire, resulting in his being burned: the employee voluntarily assumed a risk which was not within the contemplation of his contract of employment, and his injuries did not arise out of and in the course of his employment.

Certification to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material facts are stated in the opinion.  By order of *Whiting,* J., in the Superior Court, a decree dismissing the claim was entered.  The employee appealed.

The case was submitted on briefs.

*J. Bear & R. M. Gardiner,* for the claimant.

*H. F. Tracy,* for the insurer.

Crosby, J.  The employee, while engaged in painting a house owned by his sister, received serious injuries consisting of burns.  He testified that he was employed by his two brothers in doing the work; that in the afternoon of the day he was injured he had been working in the house and had ten minutes more work to do on a clothes reel which was in the yard, and when he finished it was going inside the house to work; that he had to wash the front room floor, and had some sash to clean; that he required hot water to wash the floor and his sister had given him permission to use an oil heater in the bathroom if he needed it; that after lighting the heater he went outside to finish

painting the clothes reel and soon thereafter saw smoke coming from the bathroom window; that he went into the house and saw flames going up to the ceiling of the bathroom and he took some rags to stop the blaze when the glass container of the burner burst and kerosene came over his leg and ignited; that his clothes caught fire and he was enveloped in the flames.

The single member found that, "In going inside the house at once and in attempting to extinguish the blaze which he found, . . . [the employee] was acting not only for the direct purpose of putting out the fire but for the purpose of restoring conditions to a situation where he might continue with the work of heating the water which was necessary to be used at his employment," and that the injury sustained by him arose out of and in the course of his employment; and he awarded compensation accordingly. The reviewing board adopted and affirmed the decision of the single member. The case was heard by a judge of the Superior Court, who ordered a decree to be entered reciting that the employee's injury did not arise out of and in the course of his employment, and dismissing the claim for compensation. From this decree the employee appealed.

The testimony plainly shows that the employee's injury resulted from his attempt to extinguish the fire in the house. It was a risk which he voluntarily assumed, but was not a part of the contract of employment or incidental to it. For that reason it did not arise out of the employment. He voluntarily incurred a hazard not within the contemplation of his contract of service. The case is fully covered by decisions of this court which hold that if an employee voluntarily goes outside the scope of his employment and incurs a danger of his own choosing he cannot recover. *Borin's Case*, 227 Mass. 452. *O'Toole's Case*, 229 Mass. 165. *Rochford's Case*, 234 Mass. 93. *Koza's Case*, 236 Mass. 342. *Hurley's Case*, 240 Mass. 357. *Withers's Case*, 252 Mass. 415. *Eifler's Case*, 276 Mass. 1.

The case at bar is distinguishable from *Brightman's Case*, 220 Mass. 17, where a cook, upon a burning lighter, suf-

fered personal injuries as a result of trying to save some of his clothing. He made no attempt to extinguish the fire. His only purpose was to save his own effects. *Harbroe's Case*, 223 Mass. 139, *Soares's Case*, 270 Mass. 3, and the other cases cited by the employee, are not at variance with what is here decided.

As the evidence did not warrant a finding that the employee's injury arose out of and in the course of his employment, the entry must be

*Decree affirmed.*