CHARLES O'HARA'S CASE.

Suffolk.    October 7, 1941. — October 31, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Agency,* What constitutes, Scope of authority or employment, Independent contractor, Real estate manager. *Contract,* Of employment. *Real Property,* Managing agent. *Waiver.* *Workmen's Compensation Act,* Waiver, Appeal. *Evidence,* Admitted without objection.

Evidence warranted findings that one hired by the owner of real estate to manage it was not an independent contractor but was an agent of the owner with authority to employ a janitor, and that the janitor was an employee of the owner, not of the manager; and upon such findings the insurer of the owner rather than the insurer of the manager should pay compensation to which the janitor, upon being injured, became entitled under the workmen's compensation act.

An appellant from a final decree in a proceeding under the workmen's compensation act was not entitled to raise in this court the question of the admissibility of evidence admitted without objection before the single member of the Industrial Accident Board.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

The Globe Indemnity Company appealed from a decree entered by order of *Burns*, J., in accordance with the board's decision.

*H. F. Tracy*, for Globe Indemnity Company.

*W. I. Badger, Jr.*, (*S. F. Hyland* with him,) for Travelers Insurance Company.

*J. J. Foley* & *W. E. Carey*, for the claimant, submitted a brief.

Cox, J.    It was agreed that the employee met with an injury arising out of and in the course of his employment, and that, pending a hearing, the two insurance companies involved would each pay one half the compensation to which he was entitled.   The sole question is: For whom was the employee working at the time of his injury?   At that time he was the janitor of premises owned by one Hutchinson, who had derived title thereto by virtue of his wife's will.   The single member found that, when Mrs. Hutchinson "took over" the property, her husband asked one Shmiskiss to "take over" its management.   Shmiskiss was to collect the rents, deduct the expenses, including the wages of the janitor, and also, as his charge for services, five per cent of the gross receipts, and remit the balance each month with a statement of the receipts and expenditures.   At some time after Shmiskiss took over the management of the property, he sent for the employee and asked him to do the janitor work, stating that his pay would be $10 a week. At that time the employee was the janitor of another piece of property that Shmiskiss was managing under the same terms and conditions as those relating to the Hutchinson property.   The single member also found that Shmiskiss was an agent of Hutchinson, that he hired the employee in his capacity as such agent, that Hutchinson, by his subsequent actions, ratified this act of his agent and that Hutch-

inson was the employer, and not Shmiskiss. He also found that the employee was entitled to compensation, and ordered the insurer of Hutchinson to refund to the insurer of Shmiskiss any compensation paid by the latter. See G. L. (Ter. Ed.) c. 152, § 15A, as amended by St. 1934, c. 252. The reviewing board, upon all the evidence, affirmed and adopted the findings and decision of the single member. From the decree that was entered, Hutchinson's insurer appealed. We are of opinion that there was no error.

The test of the relationship of master and servant, or employer and employee, is the right to control, rather than the exercise of it. *McDermott's Case*, 283 Mass. 74, 77. A person may well be the employee of one whose agent, with authority, has employed him. *Hilliard* v. *Richardson*, 3 Gray, 349, 361. The finding that Hutchinson, and not Shmiskiss, was the employer necessarily involves the inquiry whether there was any evidence to warrant the finding that Shmiskiss was Hutchinson's agent with authority to hire the employee. See *Chisholm's Case*, 238 Mass. 412, 419.

There was evidence that Shmiskiss was in the real estate management and insurance business, and that, after Mrs. Hutchinson took over the property where the employee was injured, he told the latter that he wanted him to "take over," that he was to "take care of his job." Prior to this, the employee had been janitor of this same property, although there was an interval prior to Mrs. Hutchinson's ownership when he was not. He was paid for his work at the two properties in separate amounts and signed two receipts therefor. He had his general duties as a janitor, and if a necessity arose for unusual repairs, Shmiskiss, or some one in his employ, would get in touch with the "Hutchinson estate," and if permission to make them was obtained, he would tell the employee that they could be done. Shmiskiss was very friendly with Hutchinson, and saw him almost every day, when they talked of how to get rid of and sell the property. When Mrs. Hutchinson died, and according to her will the property went to Hutchinson, Shmiskiss continued to do the same thing for him as he had been

doing for Mrs. Hutchinson. Monthly statements were sent, one covering the property owned by Hutchinson, and one covering the other property that Shmiskiss was managing for a trust company of which Hutchinson was the president. The employee's name, O'Hara, appeared on the Hutchinson account as janitor, together with the amount paid him each week. Shmiskiss made no social security payments on either account, although such payments were deducted from O'Hara's pay. When the employee was injured, Shmiskiss notified Hutchinson. The account of the Hutchinson property was rendered to Hutchinson's son "as his father's attorney," and Hutchinson took out compensation insurance covering the property where the employee was injured, and it could have been found that this was the result of a conversation between Hutchinson and his son after the former had been told by someone: "You have a janitor there and it would be better to have coverage there." When the employee was injured, a report was sent to the insurer that "Mr. O'Hara, janitor . . . [at the premises in question] for . . . Hutchinson, had received an injury."

We think it could have been found, as it was, that Shmiskiss was acting as the agent of Hutchinson, and that the hiring of the employee was within the scope of his employment. The appellant insurer contends that Shmiskiss was an independent contractor. But we think there is enough in the evidence to warrant the finding of agency. See *Mc-Dermott's Case*, 283 Mass. 74, 76, 77. Hutchinson owned the property. He insured respecting injuries that might be sustained by an employee, and we think this was some evidence of the right to control the employee in the case at bar. *Perkins* v. *Rice*, 187 Mass. 28, 30. *Baum* v. *Ahlborn*, 210 Mass. 336, 337. *Marsh* v. *Beraldi*, 260 Mass. 225, 232. In this respect we think the case at bar is distinguishable from *Hannon* v. *Schwartz*, 304 Mass. 468, 470, and cases cited.

In the findings the statement appears that, had the expenses exceeded the rents, Hutchinson would have been called upon to pay the difference, and that, if there had been no rents, he would have had to pay the employee's

wages.  The appellant contends that there was no evidence as to this, but we are of opinion that this conclusion reasonably could follow from the finding that Shmiskiss was acting as agent for Hutchinson, the owner.

The appellant also contends that the information contained in the report of the accident by Hutchinson, or in his behalf, cannot be considered.  There are no specific findings as to this matter, although there is a general finding that Hutchinson, "by his subsequent actions," ratified Shmiskiss' act as agent in hiring the employee.  It is contended that this report comes within the rule stated in *Gerry* v. *Worcester Consolidated Street Railway*, 248 Mass. 559, 566–568.  See *Leave* v. *Boston Elevated Railway*, 306 Mass. 391, 398, 402.  Compare G. L. (Ter. Ed.) c. 152, § 19, as amended; *Carroll's Case*, 225 Mass. 203, 208.  We are of opinion, however, that the appellant is not entitled to raise this question.  So far as appears from the record, the evidence as to this report was not objected to in any form.  It is true that questions of evidence arising at the hearing before the board member will be considered upon appeal. *Randolph's Case*, 247 Mass. 245, 249.  See *Feldman's Case*, 240 Mass. 555, 557.  But where, as here, it appears that the evidence was received without objection, we think it is too late to raise the question in this court.  See *Jones* v. *Hayden*, *ante*, 90, 93.

*Decree affirmed.*