LYMAN T. BURGESS'S CASE.

Hampden.  December 9, 1953. — January 27, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.  *Proximate Cause.*

An injury to an employee did not arise out of and in the course of his employment within the workmen's compensation act where it appeared that in the course of his duties as a salesman he called upon the treasurer of a bank, that while he was seated and talking to the treasurer at his desk an unknown person came up to the treasurer, spoke to him, drew a gun, shot him and then fled, that the employee immediately jumped up and voluntarily pursued the assailant down a hallway, and that during the pursuit the assailant turned and shot the employee and caused such injury.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Meagher, J.*

*Charles R. Clason,* for the insurer.

*Robert J. Moran,* for the claimant.

COUNIHAN, J. This is a claim by an employee for workmen's compensation under G. L. (Ter. Ed.) c. 152, § 26, as appearing in St. 1943, c. 529, § 8. The facts are not in dispute and may be summarized as follows: The claimant was employed by Prentice-Hall, Inc., a distributor of tax information and service, as a salesman and tax representative. In the course of his employment he called upon the treasurer of the Chicopee Savings Bank to sell his employer's service. While he was seated and talking to the treasurer at his desk, an unknown assailant came up to the treasurer and spoke to him. As he spoke he drew a gun and shot the treasurer. The assailant then fled and the claimant immediately jumped up and chased him. During the pursuit and when in a hallway leading to the banking premises, the assailant turned and shot the claimant inflicting the injury for which he sought compensation. The assailant was not captured.

After hearing the single member found that the employee "suffered a personal injury by reason of the nature and incident of his employment" and awarded compensation. Upon review the reviewing board declared that "The employee's testimony plainly shows that his injury resulted from his attempt to apprehend the assailant who shot the treasurer. In so doing, the employee voluntarily assumed a risk which was not a part of his contract of employment or incidental to it." It further found and ruled that "the employee's injury did not arise out of and in the course of his employment. This case is fully covered by decisions of the Supreme Judicial Court of this Commonwealth. See *Roberts's Case,* 284 Mass. 316, and cases there cited." The board denied compensation. Upon certification to the Superior Court a judge entered a decree awarding com-

pensation. The case is here upon appeal by the insurer. We are of opinion that the judge was in error.

We construe the decision of the reviewing board as a finding of fact with an incidental ruling of law. In these circumstances "The decision of the reviewing board superseded that of the single member. . . . It must be accepted as final if supported by evidence and not tainted by error of law." *Webb's Case*, 318 Mass. 357, 358. *Paltsios's Case*, 329 Mass. 526, 528. There was no dispute as to the facts and the decision of the board discloses no error of law. It must therefore be sustained. Indeed we believe that the facts in *Roberts's Case*, cited by the board in its decision, were more favorable to the claim of an employee than the facts in the instant case, yet compensation was there denied.

The claimant admits that there must be a causal connection between the employment and the injury, but he contends that where the employment exposed the employee to the risks which caused the injury such causal connection may be found. Doubtless this may be true, *Kubera's Case*, 320 Mass. 419, 420, and if the claimant's injury had been sustained while he was in the act of soliciting business for his employer he would be entitled to recover compensation. But here the employee departed from the duties of his employment when he voluntarily chased the assailant in an endeavor to capture him. However commendable and praiseworthy his action may have been, we do not believe that it brings him within the scope of the workmen's compensation act.

But the claimant argues that because of the liberal construction by our court of the words of the statute "arising out of and in the course of his employment" as shown by the decisions in *Caswell's Case*, 305 Mass. 500, *Souza's Case*, 316 Mass. 332, *McLean's Case*, 323 Mass. 35, and others of like import, we ought to go further than we yet have gone in determining compensability. See *Moore's Case*, 330 Mass. 1. He urges that we permit recovery in all emergency situations pertaining to human life, where the conditions or obligations of the employment place the em-

ployee in a position where he may be called upon to act in such an emergency. He cites several cases from other jurisdictions all of which are interestingly discussed in Larson on Workmen's Compensation, §§ 28.21, 28.22, 28.23, and 28.32.[1] It is worth while to note that these cases pertained to the protection of human life under the so called "rescue" theory.

But without intimating whether we should be disposed to follow such cases in similar factual circumstances, we are constrained to conclude that in the present case no emergency pertaining to the protection of human life or "rescue" was involved. Here the shooting of the treasurer had already taken place and the criminal was fleeing. The claimant sought to capture him apparently for the purpose of bringing him to justice. That was no part of the duty imposed upon him by the terms of his employment.

No case has been brought to our attention and we have found none in which a situation similar to the one here has existed. The case of *Zolkover* v. *Industrial Accident Commission*, 13 Cal. (2d) 584, relied upon by the claimant, is distinguishable on the facts.

In *McMurray's Case, ante*, 29, we said that the findings of the reviewing board which we upheld went to the verge. We are of opinion that we cannot extend compensability under the statute any further.

It follows therefore that the decree of the Superior Court must be reversed and that a new decree be entered in favor of the insurer.

*So ordered.*

---

[1] *Waters* v. *William J. Taylor Co.* 218 N. Y. 248. *Puttkammer* v. *Industrial Commission*, 371 Ill. 497. *O'Leary* v. *Brown-Pacific-Maxon, Inc.* 340 U. S. 504.