LESTER C. WILLIAMS'S CASE.

Berkshire. September 20, 1955. — December 1, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Agency,* What constitutes, Scope of authority or employment.

One hired to do the work of removing from the site of a building certain materials which the hirer had purchased from a wrecking company engaged in tearing down the building could not maintain a claim under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, against either the insurer of the hirer or the insurer of the wrecking company after being injured by a falling timber while pulling down a wall with his tractor as an accommodation to the foreman of the wrecking company but not as its employee and not for the purposes of his work for the hirer; the provision added to § 26 of the act by St. 1930, c. 205, was inapplicable.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Dewing,* J.

*Sidney I. Katz,* for the claimant.

*Francis G. Claffie,* (*Richard F. Claffie* with him,) for Hartford Accident and Indemnity Company.

*Frederick S. Pillsbury,* for Travelers Insurance Company, submitted a brief.

RONAN, J. This is a compensation case consisting of two claims, one against Hartford Accident and Indemnity Company and its insured, one Nash, and the other against Travelers Insurance Company and its insured, the American

Wrecking Co. of Springfield, Inc. The claimant appealed from a final decree dismissing his claims against all parties.

The wrecking company was engaged in the business of razing buildings. It was engaged in tearing down a building of the Springfield Municipal Hospital on May 22, 1953, when it sold to Nash the iron and junk contained in the boiler room or connected therewith, together with certain enumerated articles such as brass, piping, and wire contained in certain other rooms. The material was to be removed by Nash, as it was then located, at his own risk and expense. Nash hired Williams to remove the material, paying a fixed rate per hour for his labor and a lump sum for the use of his tractor. Williams went to the site and performed his work when conditions there permitted. He went there on one occasion and requested the wrecking company to allow him to help in razing a chimney. The request was granted and Williams was given two fire doors for his compensation. On the day of the accident, Williams was asked by the foreman of the wrecking company to pull down a wall of the building but he was busy and refused. Later on, when he was again requested to help the wrecking company, he agreed. An employee of the wrecking company attached a cable to the claimant's tractor. When he started up the tractor and began to pull down the wall, he pulled down a timber which struck and injured him. According to his testimony the pulling down of the wall was an accommodation to the foreman of the wrecking company. "It was not part of his duties for Mr. Nash. There was nothing there which would be of benefit to Mr. Nash. It was purely for the benefit of Brownie [foreman for the wrecking company] and the American Wrecking Co." There were "no materials in there then that Mr. Nash was interested in."

The single member relying on this evidence found that at the time of the accident the claimant was not an employee of the wrecking company and that he was not then engaged in any activities relative to or incidental to his contract of employment with Nash. The single member could accept

such parts of the testimony as he deemed credible as long as he did not wrest the testimony from its context so as to distort its meaning. *Mosher* v. *Cape Ann Savings Bank,* 309 Mass. 512. He could also reject any subsequent inconsistent testimony of Williams. The board adopted and affirmed the findings of the single member and denied both claims. The findings of the board must be accepted as true unless they are without evidentiary support or unless they are tainted by error of law. *Sawyer's Case,* 315 Mass. 75. *Webb's Case,* 318 Mass. 357, 358. *Paltsios's Case,* 329 Mass. 526, 528.

The claimant was not hired by the wrecking company to do anything. He was under no duty to pull down the wall. He had previously refused to do so. There was no evidence that the wrecking company directed or supervised him in doing that work or that it had any right to exercise any control over him. The board was not required to find that the claimant ever assented to any change in his employers. He was not an employee of the wrecking company. *Chisholm's Case,* 238 Mass. 412. *McDermott's Case,* 283 Mass. 74. *Donnelly's Case,* 304 Mass. 514, 519. *Abbott* v. *Link-Belt Co.* 324 Mass. 673, 677. In pulling down the wall, the claimant was not acting within the terms of his employment with Nash, nor was he doing anything incidental to or connected with his work of removal of materials for Nash. According to his own testimony, there was then no salvaged material in that particular building which Nash had bought or Williams had agreed to remove. *Koza's Case,* 236 Mass. 342. *Robert's Case,* 284 Mass. 316. *McManus's Case,* 289 Mass. 65, 67. *Lazarz's Case,* 293 Mass. 538, 540. *Jarek's Case,* 326 Mass. 182. *Burgess's Case,* 331 Mass. 90.

The claimant contends, however, that his case comes within what now appears as G. L. (Ter. Ed.) c. 152, § 26, providing that "For the purposes of this section any person, while operating or using a motor or other vehicle, whether or not belonging to his employer, with his employer's general authorization or approval, in the perform-

ance of work in connection with the business affairs or undertakings of his employer . . . shall be conclusively presumed to be an employee." The main purpose for the amendment of § 26 by which this provision was added to it by St. 1930, c. 205, was to change the status of one using a motor vehicle in carrying out his duties as an employee from that of an independent contractor, so far as the operation and control of the vehicle were concerned, to that of an employee. *Manley's Case,* 280 Mass. 331. *Cahill's Case,* 295 Mass. 538. *Ferullo's Case,* 331 Mass. 635. But as already pointed out, he was not an employee of the wrecking company because he had no contract express or implied with it, and he was not an employee of Nash because he was not acting within the scope of his employment with the latter.

*Decree affirmed.*