JOHN LUCZEK's (dependent's) CASE.

Suffolk. March 4, 1957. — April 5, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Proximate Cause. Death. Workmen's Compensation Act*, Death; Procedure: exceptions. *Evidence*, Conflicting statements by witness.

A question raised in a workmen's compensation case by an exception saved before the single member of the Industrial Accident Board but not preserved before the reviewing board was not open in this court. [677]

A finding in a workmen's compensation case that there was a causal connection between a compensable hernia suffered by the employee and his death from cancer was warranted by evidence that an operation for the hernia so depleted his physical reserve as to hasten his death. [677]

The effect of the entire testimony of a witness was for the trier of facts where the witness did not finally adopt either of conflicting statements in his testimony. [677–678]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Dowd, J.*

*Daniel A. Canning,* (*Bernard T. Loughran* with him,) for the insurer.

*James P. Bradley,* for the claimant.

RONAN, J. This is an appeal from a final decree awarding compensation and other payments under G. L. (Ter. Ed.) c. 152, the workmen's compensation act, to the widow for the death on November 24, 1953, of the employee who had sustained a hernia in lifting a valve in January, 1953, in the course of his employment.

The employee was being paid compensation up to the time of his death because of a hernia he received in the course of his employment. He was sixty-four years of age. An operation to repair the hernia was performed on October 27, 1953. During the course of the operation it was disclosed that the employee had a carcinoma of the stomach. He died of the carcinoma or cancer on November 24, 1953. The claimant's medical witness testified that the employee was a poor operative risk. In his opinion the cause of his death was the cancer. He pointed to certain items in the record of the hospital where the employee was confined and died tending to show that the entire body reserve was nearly depleted; that additional stress and strain was put upon the liver and kidneys in eliminating novocaine, antibiotics, pentothal, mercurial diuretics, and other drugs which the record shows he had been given; that the hernia operation did not affect the growth of the carcinoma but the depletion of the body reserve did hasten his death; and that there would not have been such depletion if he had not had the hernia operation.

The medical expert called by the insurer testified that the employee died of cancer and that in his opinion there was no causal connection between the hernia operation and the death. If his opinion was accepted, then the death from the hernia operation could not be traceable to the employment.

The single member found that the hernia operation had a causal relation to the employee's death in that it depleted his physical reserves "which affected the course of the cancer which he had so that his death on account of the cancer occurred sooner than it otherwise would have had he not been operated on for the hernia, therefore, I find that since the employee's death was hastened by the compensable injury which he suffered and for which he was receiving compensation at the time of his death, that it was causally related to that injury and his claimant widow is entitled to the benefits provided by the workmen's compensation act."

The insurer contends that the single member was in error in finding that the claimant's medical witness was an expert and in denying its motion to strike out his testimony. If the insurer wished to save its exceptions taken before the single member it was its duty to present them before the reviewing board. This it did not do and the exceptions were not preserved. *O'Hara's Case,* 310 Mass. 223. *Donlan's Case,* 317 Mass. 291. *Perrotta's Case,* 318 Mass. 737. *Charron's Case,* 331 Mass. 519. It may not be improper to state that, if the question were open, the training, experience and practice of the witness were ample to support the finding that he was qualified to give his opinion. *Ambrose's Case, ante,* 121, 125–126. *Commonwealth* v. *Banuchi, ante,* 649.

The medical witness testified at considerable length and mainly to the opinion that the hernia operation drained the physical reserves of the employee and caused his death from cancer sooner than it would have occurred if there had been no hernia operation. This was sufficient to trace death to the employment. *Brightman's Case,* 220 Mass. 17, 20. *Colantueno's Case,* 275 Mass. 1, 4. *Edwards* v. *Warwick,* 317 Mass. 573, 578. *Coburn* v. *Moore,* 320 Mass. 116, 123. *Brzozowski's Case,* 328 Mass. 113, 115. *McMurray's Case,* 331 Mass. 29, 32–33. Even if, as the insurer contends, there were inconsistent statements in the doctor's testimony as to the effects of the hernia operation upon one suffering from a cancer, yet this is not a case where a witness adopts as

final one view of his evidence but is the ordinary instance where the trier of fact is presented with the duty of believing such portions of the evidence as he deems credible. *Ruane v. Doyle,* 308 Mass. 418, 422. *Keeley* v. *Miller Drug Co.* 324 Mass. 692, 694. *Williams's Case,* 333 Mass. 271, 273. The single member and the reviewing board were free to accept such portions of his testimony as they thought credible and find that the hernia operation hastened the employee's death. That finding, being supported by the evidence and not tainted by error of law, must be accepted by us. *Sawyer's Case,* 315 Mass. 75. *Webb's Case,* 318 Mass. 357, 358. *Paltsios's Case,* 329 Mass. 526, 528. *Egan's Case,* 331 Mass. 11, 14. *Brown's Case,* 334 Mass. 343, 346.

Costs and reasonable expenses are to be allowed the claimant. G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended.

*Decree affirmed.*