*Northern District*

No. 4987

**THEODORE S. MICHALOPOULOS**

v.

**GEORGE P. THOMPSON, alias**

(May 20, 1957)

*Present:* GADSBY, P. J., BROOKS, CONNELLY, JJ.

(*This opinion has been abridged.*)

*Connelly, J.* In this action of contract the plaintiff seeks to recover upon an account annexed for money lent to the defendant at various times up to May 12, 1950, for a total of $3600.00 less $268.23 repaid, leaving a balance of $3331.77. The answer is a general denial.

"FINDINGS & RULINGS

I find from all the creditable evidence that the plaintiff and defendant had been friends for almost thirty years and that some time in the summer of 1947, the defendant had been a salesman for an

importing firm, importing chiefly Greek products. Some time in 1947, he decided to go into the importing business for himself at No. 53 John St., Lowell and at this time he had a number of conferences with the plaintiff in this action in which he suggested to the plaintiff that he, the plaintiff, invest his money in the business which the defendant was to carry on known as Thompson's Food Products. According to the testimony of the plaintiff, he had given the defendant approximately $2,000.00 in checks and cash up to 1948 but he did not keep a record of the specific amounts he had invested in the business up to that time and it was not until after he had paid $2,000.00 that he started to keep a record of the amounts paid by him to the defendant to invest in the business. The plaintiff testified that at the end of 1948, when he had paid in $2,000.00, he continued to pay in until he had paid in a total of $3,600.00. It was not until the last payment of $50.00 which was made in 1950, that the plaintiff told the defendant, according to the plaintiff's testimony, that he owed him the sum of $3,600.00. The plaintiff alleged that on the different occasions when he gave the money to the defendant, the defendant agreed to form a Corporation and give the plaintiff stock in the Corporation for the amount he had invested.

I further find as a fact that at no time did the plaintiff see to it that the Corporation was formed or that he received his stock but kept investing in the business. I find that at no time was there a Corporation formed. I further find as a fact and more particularly referring to the memoranda that were kept, and shown as evidence, by the plaintiff after the first $2,000.00 had been paid, some of which were in Greek and others in English, to which reference is hereby made, that practically all of the memoranda made out by the plaintiff showed a definite intention of the part of the plaintiff to invest

this money with the defendant as partners in the partnership of Thompson's Food Products rather than a Corporation as is indicated by the following memorandum:

Lowell, Mass.

Monday, April 25, 1949

"About 7 P.M. in his store on John Street, I gave George Thompson another $220.00 towards investment in partnership (silent) in the Thompson's Food Products. In all now I have invested and given him in cash or checks $2,500.00. I expect to invest another $500.00. I am to get ¼th of the share of the profits."

Also memorandum dated July 19, 1949:

Lowell, Mass.

"Today I gave George P. Thompson another $500.00. This means that I have now invested as silent partner to be getting ¼th of yearly profits in the Thompson's Food Products, "576 Merrimac Street, Lowell, Mass. — total of $3,000.00 in cash."

In addition to these memoranda and many others, all of which were written in the handwriting of the plaintiff, who I find is an educated man and is a teacher of Spanish and Greek in the Lowell High School, I cannot help but find upon all the creditable evidence that the plaintiff in this action did not loan this money to the defendant upon the representation made by the defendant, that a Corporation was to be formed and the plaintiff was to receive stock in the Corporation, nor can I find that the defendant agreed to return the money invested by the plaintiff at any time. I, therefore, find as a fact that the plaintiff did not loan this money to the defendant but rather invested this money of his own free will as a silent partner in the partnership of Thompson's Food Products in which he was to share in the profits together with the defendant. I, therefore, find for the defendant.

On the Plaintiff's Requests for Rulings, I allow

No. 1, A, B, and C but I do not find that the plaintiff was to receive stock in a proposed Corporation nor do I find upon all the evidence that there was an express understanding that the plaintiff could have a return of his money at any time upon demand, I allow No. 4, and No. 5, I deny No. 2 and No. 3. July 20, 1955"

The plaintiff claimed to be aggrieved by the denial of his requests for rulings numbered 2 and 3 as follows:

2. There is not evidence sufficient to justify a finding that a partnership existed between the parties.

3. The plaintiff is not bound by the expressions used by him in private memoranda as a layman's characterization of the transactions between himself and the defendant where these memoranda were never shown to the other party.

The report does not give the wording of Requests for Rulings 1, 4 and 5, which were allowed. They might have thrown some light on how the trial judge instructed himself on the law of the case in general and thus have been helpful in the consideration of the requests denied. The only question involved in this case then is the correctness of the trial judge's ruling that Requests 2 and 3 be denied.

It is apparent from a reading of the findings of fact made by the trial judge that he placed no credence in the testimony of the plaintiff and destroyed the foundation of the plaintiff's case by finding as facts that the money was not advanced on the representation that a corporation was to be formed, that the defendant did not agree to return the money invested at any time, that the advances were not loans but rather an investment by the plaintiff of his own free will as a silent partner in the partnership of Thompson Food Products, in which he was to share in the profits with the defendant.

Based upon the declaration, which was for money loaned, in view of the findings of fact, it was difficult to see how any finding could be made for

the plaintiff. "The finding for the defendant must be presumed to have been based on the pleadings" and "in an action at law the general finding is not to be reversed if it can be supported upon any reasonable view of the evidence". *Spritz v. Brockton Savings Bank,* 305 Mass. 170.

A trial judge is entitled to accept such portions of the testimony as he believes credible. *Luczek's Case,* 335 Mass. 675. The trial judge was in the best position to observe the witnesses, their attitudes, their emotions and their reactions and inferences that might be drawn from the evidence, all of which were sufficient to justify a finding that a partnership existed. "The findings of fact made by a judge in an action at law must be sustained if they can be supported upon any reasonable view of the evidence, including such rational inferences as the evidence warrants." *Hosmer, Inc. v. C.,* 302 Mass. 495-499.

Findings of the trial judge will not be reversed unless plainly wrong. *Fulton v. Belmont,* 333 Mass. 64. Request No. 2 was rightfully denied.

A request should be based on facts found and request No. 3 could not be given in the form requested. There was no finding that the expressions were a "layman's characterization". The trial judge apparently thought otherwise. Nor was there a finding that the memoranda had not been shown to the defendant, although the defendant so testified. The memoranda were pertinent and entitled to some weight and to be considered along with all other evidence as showing how the plaintiff himself looked upon the transactions and as contradicting his direct testimony. In stating that the defendant was "not bound by the expressions" the language used is too general. Not bound, how? It cannot be contended that they should not be in the case. They are already in the case as evidence without objections.

The general finding was not plainly wrong

and as there was no prejudicial error in the denial of Requests for Rulings Nos. 2 and 3, the Report is to be Dismissed.

A. L. Eno, Jr., for the plaintiff.

No brief in argument for the defendant.