CHRISTOPHER SULLIVAN's CASE.   November 29, 1962.   Decree affirmed. This is an appeal by a self insurer from a decree of the Superior Court awarding total incapacity compensation to the employee in accordance with the decision of the reviewing board.   On October 14, 1957, the em-ployee was injured while loading a truck for his employer, the self in-surer.   Shortly thereafter, he was treated at a clinic where his injuries were diagnosed as hematoma of the right buttock with traumatic contusion and myositis with marked discoloration of the right anal region.   Although he suffered pain, the employee continued working until May 23, 1958, at which time he suffered extreme pain in his right groin in lifting a box from a truck.   It was discovered that he had sustained a left inguinal hernia, for which he underwent an operation in June of 1958.   The em-ployee returned to work in August but the pain in his groin grew progres-sively worse and he was obliged to quit work on October 30, 1958.   A medical examination revealed that he had an extensive carcinoma of the prostate and seminal vesicles with metastases to the bones.   This condition necessitated an operation (orchidectomy), and the employee has been totally incapacitated ever since.   The foregoing facts were found by the single member and are amply warranted by the evidence.   The employee's injuries of October 14, 1957, and May 23, 1958, arose out of and in the course of his employment, and no contention is made to the contrary.   The present controversy centers around the following finding of the single member, which was adopted and affirmed by the reviewing board: "I . . . find, on the medical evidence, that this cancerous condition predated . . . [the employee's] original injury; that the injuries incurred in the fall . . . on October 14, 1957, and the injury to his groin on May 23, 1958, with the subsequent herniorrhaphy accelerated the course of his neoplastic disease, so that its progress was more rapid than it would have been had the in-juries not occurred; that this moderately rapid progression of his disease eventually necessitated an orchidectomy and culminated in total disability." Nothing would be gained by reciting the evidence pro and con on this issue. Suffice it to say that there was medical evidence which supported the find-ing of the board.   See *Murphy's Case,* 328 Mass. 301; *Luczek's Case,* 335 Mass. 675.   A finding supported by evidence will be upheld unless vitiated by error of law, and no such error appears.   *Brown's Case,* 334 Mass. 343, 346.   Costs under G. L. c. 152, § 11A, shall be allowed by the single justice.

*Austin M. Pinkham* for the self insurer.

*Laurence S. Locke* for the employee.