EUGENE F. JOYCE'S CASE.

Suffolk.   December 7, 1965. — January 5, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Notice, Filing of claim, Successive injuries, Costs and expenses.

A finding of injury in a workmen's compensation case is sufficient in law although supported only by testimony of the employee.   [78]

In a workmen's compensation case wherein it appeared that the only claim was filed within six months after the last of three back injuries found to have been sustained by the employee, but that the date of injury stated in the claim was incorrect, a finding by the single member that on "the issues of notice and claim . . . the insurer was not prejudiced" imported a finding that under G. L. c. 152, § 49, such incorrect statement in the claim did not mislead the insurer and justified the single member, after the expiration of the six months, in granting as an amendment of the claim and not as a substitution of new claims a motion to substitute the dates of the three injuries for the incorrect date originally stated.   [81]

In a workmen's compensation case in which there were warranted findings by the Industrial Accident Board that the employee sustained injuries to his back in January, May, and June of a certain year and that total disability resulted from the June injury, but the only claim, filed in July, erroneously stated the time of injury as April, a finding that on "the issues of notice and claim . . . the insurer was not prejudiced" was supported by evidence in substance that the insurer, upon reading the claim with its own records and the employer's records, would have strong reason to investigate a June incident, the precise date of which was disputed by the employee and the employer, as an incident in the chain of events leading up to the employee's total disability.   [81]

In a workmen's compensation case in which evidence warranted findings by the Industrial Accident Board that the employee sustained three injuries to his back and that he was totally disabled as a result of the last injury, the absence of findings that the two earlier injuries were causally connected to the disability was not significant on the issue of his right to compensation.   [82]

Upon appeal from a final decree of the Superior Court in a workmen's compensation case awarding compensation to the employee and allowing

him a certain sum under G. L. c. 152, § 11A, for attorney's fees and expenses in that court, this court declined to substitute its judgment for that of the judge of the Superior Court and to declare the allowance excessive where the record did not show what was involved in the presentation in the Superior Court.   [82]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act awarding compensation to the employee.

The case was heard by *Barron, J.*

*Francis F. Foley* for the insurer.

*Laurence S. Locke* for the employee.

WHITTEMORE, J.   The insurer, Liberty Mutual Insurance Company, has appealed from a final decree of the Superior Court following a decision of the reviewing board adopting and affirming the decision of a single member on August 20, 1964.   Except in a respect noted in point 2 of this opinion, the decree reflected the findings of the reviewing board.

The evidence before the single member permitted his finding that the employee during the course of his employment sustained injuries to his back on January 2, May 25, and June 8, 1962.   The evidence tended to show that each of the first two injuries resulted from lifting a heavy roll of rubber.   The finding that the employee was injured in June, 1962, when trying to pick up some rubber from the floor is supported only by the employee's testimony, but, as the insurer recognizes, this was sufficient in law.

There was also evidence that permitted the single member's finding that "the employee has been totally disabled since June 8, 1962, to date and continuing, as result of injury sustained at work on June 8, 1962."

1.   The insurer contends that the record requires the finding that the insurer was prejudiced because of the employee's delay in giving notice of and making claim for the June 8 injury.

A claim for compensation was filed on July 9, 1962.   It set out that the employee was injured in April, 1962, when lifting a heavy roll of rubber.   The single member found that the employee testified to an injury in April, but on reviewing the whole record and considering that the em-

ployee testified that he did not have a very good memory, and based on the employer's clinical record of an injury on January 2, 1962, he found that it was on that date that the employee sustained an injury to his back. We construe this finding as including by implication that this was the first of the three back injuries sustained while in the employ of the insured employer.

The first hearing before the member was held on April 10, 1963. Subsequent hearings were held on November 27, 1963, February 6, 1964, and July 21, 1964.

At the April 10, 1963, hearing the employer's medical records were in evidence. The entries included these:

(1) January 3, 1962. A long entry beginning with what is apparently an oral report by the employee: "Pulled muscle in my back last night, lifting a 200 lbs. roll off the floor";

(2) May 29, 1962. The entry begins: "Patient states: 'Last Friday, May 25, I was picking up a roll weighing about 200 lbs. (around 9:00 p.m.) and I felt a pulling sensation in my back. It is still sore' ";

(3) June 13, 1962. "Mr. Stafford, patient's supervisor, comes to clinic to state that this man was scheduled to work on Saturday, June 9, 1962. He changed his mind and decided not to work, because he was going to help his sister move, on Saturday. Patient has not been in to work since, and is hospitalized with a 'bad back' ";

(4) A report from the Liberty Mutual Clinic of an examination dated June 22, 1962, reading: "Present history: Patient states that last April he hurt his back while lifting heavy roll of material at work. He has been under the care of the plant physician Doctor Kendrick and also receiving treatment at the Mass. General Hospital. He states on June 15, 1962 he felt a sudden sharp spasm in his lower back region and has been unable to work since then. Examination shows normal lordotic curvature of the lumbar spine. Moderate spasm of the left lumbar musculature. Motions of the back are limited in all directions . . . .. Patient is disabled, continue under the care of Doctor Kendrick."

On April 10, 1963, the employee testified to the circumstances of the asserted April, 1962, injury and of the alleged injury on June 15, 1962, and to his report of the details of the June injury — to his foreman on the day it happened and to the doctor at the Liberty Mutual on June 22. He also testified that he had explained to the foreman that his sister was going to borrow the car on Saturday to move her household furniture, that he did not move any furniture and that he "was in bed for four days after that." He was cross-examined in respect of this testimony.

The foreman testified in confirmation of the June 13 entry. The employment records showed that the employee worked most recently in the week ending June 10. Thus there is support for the finding that the date of the claimed third injury was Friday, June 8, 1962, rather than Friday, June 15, 1962.

At the opening of the hearing on November 27, 1963, new counsel for the employee presented a motion "to amend the claim before this board, by substituting the attached claims for injury on January 2, 1962, May 25, 1962 and June 6, 1962, for the claim filed July 9, 1962, setting forth the date of injury as April 1962." The single member reserved action on the motion and in his decision, based on the findings of the incidents of January 2, May 25, and June 8, 1962, he recorded his ruling to "admit the Motion . . . asking that . . . [these] dates . . . substitute [for] the date of April 15, 1962 as being the date of injury." He also found "insofar as the issues of notice and claim are concerned, and based on the history as stated in the plant clinic records, the insurer was not prejudiced."

The statute, G. L. c. 152, § 49, provides in part that "A claim for compensation shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, cause or nature of the injury unless it is shown that it was the intention to mislead and that the insurer was in fact misled thereby. Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter if it is found that it was occasioned by

mistake or other reasonable cause, or if it is found that the insurer was not prejudiced by the delay. . . ."

There is force in the employee's contention that the first of these two sentences of § 49 is applicable and that an amendment of the claim, though advisable, was not required. See *Mercier's Case,* 315 Mass. 238, 242. The single member, finding no prejudice, rightly granted the motion as an amendment rather than a substitution of new claims. See *Perrotta's Case,* 318 Mass. 737, 740. The finding of absence of prejudice imports at least the finding that the insertion of the wrong date in the claim of July 9, 1962, did not mislead the insurer.

The finding of lack of prejudice was permitted by the evidence. On July 9, 1962, the insurer had notice of the claim of a back injury. The records tended to show that the employee on June 22, 1962, claimed to the insurer that his most recent injury was on "June 15, 1962 [when] he felt a sudden sharp spasm in his lower back region" and that he "has been unable to work since then"; also, that there was in the employer's records a basis for a contention that this injury was not related to the employment. The implication of the report of the employee's statement was that the injury occurred in the course of work. The single member could infer that the employer, by sending the employee to the insurer's clinic in June, had recognized causal relation of the June disability to an injury during work at some prior time. But in any event the insurer had strong reason upon the receipt of the claim of July 9, 1962, to read the claim with its own records and the employer's records, and, upon so doing, to investigate the June incident, claimed by the employee to have occurred on a Friday work day and by the employer to have occurred on the following Saturday, as an incident that was in the chain of events leading up to total disability and that could perhaps furnish a defence to the claim. That the claim incorrectly stated the date of injury did not lessen materially the significance of the record notice of a June injury.

The inference is permitted from the findings and the evidence that the mistaken date in the claim as first filed re-

sulted from a belief that the injury that culminated in disability in June, 1962, was in fact the first injury that affected the employee's back, and, as he testified, caused him to be shifted to another and lighter job.  The single member, however, conforming to the principle enunciated in cases between successive insurers that liability is based on the most recent injury bearing a causal relation to the disability (*Long's Case,* 337 Mass. 517, 521; *Casey's Case,* 348 Mass. 572, 574), based his finding on the June 8 injury.  As the evidence permitted this, the absence of findings of causal connection between the complete disability of June, 1962, and the earlier injuries is not significant. See *Stetson's Case,* 253 Mass. 535, 536; *Sulham's Case,* 337 Mass. 586, 589.  Compare the discussion in *Crowley's Case,* 287 Mass. 367, 375.

2.  The insurer rightly contends that the final decree errs in ruling that the employee "has total incapacity for work as a result of personal injuries sustained on January 2, 1962, May 25, 1962 and June 8, 1962, arising out of and in the course of his employment . . .."  The decree is to be amended to strike out the first two dates.

3.  The insurer also asks review of the allowance in the final decree of the sum of $1,000 to relieve the employee of attorney's fees and expenses in the Superior Court.  The issues that have been earnestly and fully presented by the insurer in this court were undoubtedly pressed in the Superior Court.  The record does not show what was involved in that presentation.  The suggestions of the briefs are not in accord and are inconclusive.  We are disinclined on this record to attempt to substitute our judgment for that of the judge in the Superior Court.  The amount of the allowance in the Superior Court for meeting there the issues briefed and argued before us will of course be an appropriate consideration for the single justice in making an allowance for costs of the appeal to this court.

4.  The final decree, modified as aforesaid, is affirmed. Costs and expenses of appeal under G. L. c. 152, § 11A, shall be allowed by the single justice.

*So ordered.*