Rescript Opinions.

WILLIAM E. PETERS'S CASE.    December 5, 1972.    On this appeal
from a decree of the Superior Court confirming an award of the In-
dustrial Accident Board, we accept the following facts.    In the early
morning of August 15, 1968, the employee Peters was having lunch at
a location in the plant not prohibited to him for the purpose, in the
company of another employee, Johnson, who was an official of the
union local.    One Chapman, a former employee known to Johnson and
Peters, came in, quarreled with Johnson about the local's refusal to
give him a transfer card, and began to assault Johnson.    Peters, who
was not a party to the quarrel, tried but failed to pull Chapman away.
Johnson shouted to Peters to run and have someone call the police.
As Peters ran down a passageway, Chapman turned from Johnson
and chased after Peters saying he would teach Peters to call the
police, and, catching up with Peters, he beat and kicked him, breaking
his leg at the hip and inflicting other injuries.    We agree with the
single member, the reviewing board, and the judge that Peters's injuries
arose out of his employment, for "his employment brought him in con-
tact with the risk that in fact caused his injuries."    *McLean's Case,*
323 Mass. 35, 38.    *Baran's Case,* 336 Mass. 342.    *Charon's Case,* 321
Mass. 694.    But cf. *Burgess's Case,* 331 Mass. 90.    It is not a bar to
Peters's recovery that the attack was wilful and by a nonemployee, see
*Dillon's Case,* 324 Mass. 102, 106; *McLean's Case,* 323 Mass. 35, or that
he might have avoided the peril of attack by declining to respond to
his fellow employee.    See *Brightman's Case,* 220 Mass. 17; limitation
in *Bator's Case,* 338 Mass. 104, 106, of *Roberts's Case,* 284 Mass. 316;
and *Cirame's Case,* 346 Mass. 783.    Cf. *Rollins* v. *Boston & Maine R.R.*
321 Mass. 586; *Teachers' Retirement Bd.* v. *Contributory Retirement
Appeal Bd.* 346 Mass. 663.    We reject the insurer's contention that the
findings of the single member were insufficient to support his decision.
The insurer is not entitled on the present record to dispute that
Peters's disability is total and continuing, see *Blanchard's Case,* 335
Mass. 175, 178–179, and *Goff's Case,* 234 Mass. 116; moreover there is
evidence that such disability in fact exists.    A recommittal for proof
on that issue through an impartial physician or otherwise would thus
be unwarranted.    Nor is there basis in the present record for a modi-
fication of the allowance made by the judge for the costs and expenses
of appeal to the Superior Court.    See *Joyce's Case,* 350 Mass. 77, 82.
The costs and expenses of the present appeal will be fixed by the
single justice in accordance with G. L. c. 152, § 11A.

*Decree affirmed.*

*James C. Gahan, Jr.,* for the insurer.
*Philander S. Ratzkoff* for the employee.