WALTER T. CUMMINGS's CASE. June 7, 1974. This is an appeal by the insurer from a decree of the Superior Court which upheld a decision of the Industrial Accident Board and awarded compensation to the employee based on total and permanent incapacity due to a fibrotic lung disease found by the board to have resulted from the inhalation of toxic dust and exposure to dyes in the course of his employment in a cotton mill. The issue before us is whether, on this record, there was sufficient evidence upon which the single member could have made that finding. *Mahoney's Case,* 337 Mass. 629, 631 (1958). It was undisputed that exposure to chemical dusts and dyes at work repeatedly caused ulceration of the employee's skin. The medical testimony as to causation of the lung disease was conflicting, even as to whether the etiology of the particular syndrome afflicting the employee was known. There was, however, testimony of two medical specialists that in their opinions the disabling condition was causally related to the inhalation of toxic dust by the employee in the course of his employment. The probative value of that medical testimony, which testimony was necessarily required to establish causation, was for the board to decide. *Murphy's Case,* 328 Mass. 301, 304 (1952). The findings of the board are final where, as here, they are supported by the evidence. *Kulig's Case,* 331 Mass. 524, 525 (1954). The decree of the Superior Court is affirmed. Costs of

appeal (G. L. c. 152, § 11A) are to be determined by a single justice of this court.

So ordered.

*Peter G. Collias* for the insurer.

*John J. Harrington* for the employee.

