ELIDIO D'ANGELI'S CASE. June 24, 1975. The claimant was injured on November 8, 1966, when he was struck by a car on Route I-93. The claimant, employed as a mechanic, was returning to his employer's premises in his own automobile from a repair job in Wilmington when he noticed a tightly wound coil of rope, three feet in diameter and less than six inches high, on the surface of the road between two of the southbound lanes. He stopped his car in the breakdown lane, got out, picked up the coil, and was attempting to return to his car when he was struck by another automobile proceeding southward. The single member denied the claim; the board reversed the findings and decision of the single member. The insurer appealed to the Superior Court, which ordered judgment for the claimant. The insurer has appealed to this court, contending that the injury did not arise "out of and in the course of . . . employment" within the meaning of G. L. c. 152, § 26. The decision of the board must be accepted as final if supported by evidence and not tainted by error of law. *Cummings's Case,* 2 Mass. App. Ct. 849 (1974). We are of the opinion that the board's decision was erroneous in law. The board found that the employee believed that the presence of the coil of rope on the roadway was dangerous to traffic and further that an "emergency and dangerous situation" existed. Although those findings are not unsupported by the evidence, the existence of an emergency situation does not by itself warrant recovery under G. L. c. 152. There was no evidence that any property of the employer or employee was in jeopardy or that the life or safety of another was in immediate danger at the time the claimant stopped his car to remove the coil. Contrast *Peters's Case,* 362 Mass. 888 (1972), and *Canavan's Case,* 364 Mass. 762, 763-764 (1974). Further, the nature of the claimant's employment was not consistent with the nature of the efforts rendered voluntarily by the claimant. Contrast *Canavan's Case, supra,* at 766, with *Burgess's Case,* 331 Mass. 90, 92 (1954). We conclude that the injuries sustained by the defendant did not arise out of and in the course of his employment and that the claimant is not

entitled to recovery under G. L. c. 152. See generally Locke, Workmen's Compensation, § 243 (including 1975 supplement). See *Ritchie's Case,* 351 Mass. 495 (1966). See also *Jarek's Case,* 326 Mass. 182 (1950). The decree of the Superior Court is reversed; costs of this appeal are to be determined by a single justice of this court.

*So ordered.*

*James D. Casey* for the insurer.
*Usher A. Moren (Robert B. Stimpson* with him) for the claimant.