### CHARLES H. MOORE'S CASE.

Suffolk. November 9, 1916. — November 28, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act. Elevator.*

If one, who is employed to operate an elevator by means of a rope, while he is transporting two fellow workmen leaves his post of duty at the rope and engages in a playful scuffle on the elevator with one of the other workmen, during which his foot gets over the edge of the elevator floor and his heel is caught and injured, it cannot be found that his injury was one arising out of his employment within the meaning of the workmen's compensation act.

APPEAL to the Superior Court under St. 1911 c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board.

The case was heard by *Wait*, J. The evidence before the arbitration committee as reported by the Industrial Accident Board is described in the opinion. The board found "that the personal injury received by Charles Moore on Saturday, June 26, 1915, did not arise out of his employment, that it occurred as the result of fooling between Moore and Bourne, and that the employee is

not entitled to compensation for the incapacity for work resulting from an injury caused by such fooling."

The judge made a decree affirming the decision of the Industrial Accident Board, and adjudged that the injury to the employee did not arise out of and in the course of his employment and that the employee was not entitled to compensation under the act. The employee appealed.

The case was submitted on briefs.

*G. A. Saltmarsh & R. J. Lane,* for the employee.

*J. T. Connolly,* for the insurer.

DE COURCY, J.  The employee operated an elevator, which was controlled by means of a rope at the side of the car.  Two other employees, Bourne and Patrowsky, were being carried on the elevator; and it was ascending from the first to the second floor at the time of the accident.

On conflicting testimony the arbitration committee, and later the Industrial Accident Board, found in substance that Moore left his position at the elevator rope and took hold of the colored boy Bourne by the chest; that Bourne pushed him back and he (Moore) fell down, and that in the scuffle or "fooling" Moore's heel was caught and injured.  The finding of the board that the injury "occurred as the result of fooling between Moore and Bourne" is as conclusive on the employee as the verdict of a jury. It must stand if there was any evidence to warrant it.  *Diaz's Case,* 217 Mass. 36.  An examination of the record shows that the finding was amply supported by the testimony of Patrowsky, corroborated by that of the foreman Graff.

On the facts as found the board rightly ruled that the employee's injury "did not arise out of his employment."  His foot got beyond the edge of the elevator floor in consequence of a scuffle in which he himself was the aggressor and after he had abandoned his post of duty at the elevator rope.  The injury thereby suffered did not originate in any risk connected with and caused by his employment.  See *Wrigley* v. *Nasmyth Wilson & Co. Ltd.* 6 B. W. C. C. 90; *Clayton* v. *Hardwick Colliery Co. Ltd.* 7 B. W. C. C. 643; *McNicol's Case,* 215 Mass. 497; *Harbroe's Case,* 223 Mass. 139.

*Decree affirmed.*