CHARLES  CHOUINARD'S  CASE.

Suffolk.  December 8, 1949. — December 29, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.  *Agency,* Scope of authority or employment.

A conclusion by the Industrial Accident Board in a workmen's compensation case, that an employee of a mill was acting in a manner reasonably incidental to his employment and justifiable in the circumstances when, desiring fresh air while in a hot locker room awaiting the time for leaving the mill after finishing his work, he climbed upon a locker and held the one window in the room open with a broom because a chain by which it ordinarily was opened from the floor was broken, was supported by the evidence and warranted an award of compensation for injury and incapacity resulting when the broom handle slipped or snapped and struck him in the eye.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

The case was heard by *Morton, J.*

*F. B. Hobart,* for Naumkeag Steam Cotton Company.

*S. F. Hyland,* for the claimant.

WILKINS, J.  The employee, sixteen years of age, was employed learning doffing at the self insurer's mill.  He worked in the spinning room, where the temperature was eighty to ninety degrees Fahrenheit and the air was filled with particles of cotton.  His hours were from 3:40 P.M. to 9:40 P.M., but frequently he and others who lacked passes

to leave early, when their work was finished, went to the locker room at the end of the spinning room and waited there until a signal sounded at 9:40 P.M. This room, twenty-five by ten feet, contained steel lockers of usual size for workers' clothes. Through it passed steam pipes, and its temperature was about that of the spinning room. Its one window, of swivel type on a horizontal axis, ordinarily was opened by means of a chain by one standing on the floor. On January 5, 1948, the employee, after finishing work, was in the locker room awaiting the leaving signal. The room was very hot. Desiring fresh air and finding the chain broken, the employee climbed up and seated himself upon a locker and held the window open by means of a broom. While in this position conversing with other employees, he lost his balance, and the broom handle slipped or snapped and struck him in the eye, causing injury and incapacity until his return to work on March 29, 1948. These facts are from the decision of the reviewing board, which also found that the act of the employee was one reasonably incidental to his employment and justified in the circumstances.

The self insurer, which appealed from a decree of the Superior Court allowing compensation, contends that the employee, by climbing to the top of the locker, went outside the reasonable scope of his employment to incur "a danger of his own choosing." It argues that the evidence shows that the window could be opened and kept open from the floor by holding the chain; that the only trouble was that the broken chain was not long enough to fasten to a hook on the wall; and that in January the time needed to admit fresh air would be very brief. It is also urged that, work being over, the employee's act was for his own comfort. The complete answer, however, is that the board's findings are not wholly without support in the evidence and a different finding was not required as matter of law. *Lazarz's Case*, 293 Mass. 538. *Demetre's Case*, 322 Mass. 95, 99. The court will sustain the general finding of the reviewing board if possible. *Bajdek's Case*, 321 Mass. 325,

326. The risk of injury while waiting to leave was a hazard of the employment. *Milliman's Case*, 295 Mass. 451, 453. This included an injury while obtaining fresh air. *Von Ette's Case*, 223 Mass. 56, 61. There have been many cases recently decided which deal with analogous situations with full citation of authorities. *Souza's Case*, 316 Mass. 332. *Murphy* v. *Miettinen*, 317 Mass. 633. *Rogers's Case*, 318 Mass. 308. *Bradford's Case*, 319 Mass. 621. *Kubera's Case*, 320 Mass. 419. *Charon's Case*, 321 Mass. 694. *Chapman's Case*, 321 Mass. 705. See *Dillon's Case*, 324 Mass. 102.

Attack is also made on two statements in the board's decision, both of which are unfortunately prefaced, "There is ample evidence," and are perhaps equivocal as to whether intended merely as recitals of evidence or as findings of fact. The first, that the chain had been broken "for some time," if a finding, was well supported by evidence. The second, that the employee's foreman was present on the evening of the injury while the employee was on the locker, if a finding, is without support in the testimony, but is not important and may be disregarded. Enough appears to show that the reviewing board followed correct rules of law. *Demetre's Case*, 322 Mass. 95, 96–97.

Costs under G. L. (Ter. Ed.) c. 152, § 11A, as inserted by St. 1945, c. 444, shall be allowed by a single justice. See now St. 1949, c. 372.

*Decree affirmed.*