HELEN KARELIS'S CASE.

Suffolk.    November 6, 1951. — January 4, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Procedure: findings by Industrial Accident Board, jurisdiction of Superior Court.

Findings of fact made by the Industrial Accident Board in a workmen's compensation case are final and cannot be disturbed by the Superior Court unless unwarranted as a matter of law.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

The case was heard by *Morton,* J.

*N. S. Koshivos,* for the claimant.

*W. I. Badger, Jr.,* for the insurer.

LUMMUS, J.    There was testimony that on October 17, 1950, the employee, while plugging an electric iron into an outlet in the course of her employment by Cherry & Webb Company in Lawrence, suffered an electric shock.   An impartial physician reported that the employee's condition was causally related to that shock.   The single member found that the employee sustained a disabling injury in her left arm that arose out of and in the course of her employment, and that she is entitled to compensation.   The reviewing board affirmed and adopted the findings of the single member.   But the Superior Court entered a decree that her injury did not arise out of or in the course of her employment, and the employee appealed.

The findings of fact made by the board are final if there was any evidence to support them.   The judge had no power to find facts, or to decide upon probabilities.   He could overturn the decision only if the opposite result was required as matter of law.   *McKeon's Case,* 326 Mass. 202,

203, and cases cited. *Chapman's Case,* 321 Mass. 705, 707. We think that the evidence warranted the findings of the board, and that the judge erred in dismissing the claim. Costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, shall be allowed by the single justice.

*Decree reversed.*
*Decree for the employee.*