HENRY MAILLOUX'S CASE.

Essex.     March 4, 1952. — April 7, 1952.

Present: LUMMUS, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause.*

A conclusion that an injury to an employee's back did not arise out of his employment and was not compensable under the workmen's compensation act was justified where it appeared that the injury was sustained while the employee was voluntarily participating in lifting and turning a heavy flywheel "as a practical joke on" another employee after he had left the room to get a crane with which to move the flywheel.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Sullivan,* J.

*G. Karelitz,* (*J. S. Cohen* with him,) for the claimant.

*E. C. Uehlein,* for the insurer.

WILLIAMS, J.     This is an appeal by an employee from a decree of the Superior Court dismissing his claim for compensation under the workmen's compensation law, G. L. (Ter. Ed.) c. 152, as amended.     There was evidence before the single member of the Industrial Accident Board substantially as follows.     The employee was injured on March 2, 1951, while employed as a "staker" by L. H. Hamel Leather Company in its plant at Haverhill.     It became necessary to change the position of a flywheel on a staking machine in the room where the claimant was working.     The flywheel weighed five hundred pounds.     A maintenance man

named Therreault, whose duty it was to make the change, left the room to get a crane with which to move the flywheel. The claimant suggested to several fellow workers that it would be a joke on Therreault to lift and move the flywheel in the latter's absence. Thereupon the claimant and three other men proceeded to lift the flywheel and turn it around. In lifting the flywheel the claimant felt a pain in his back and shortly thereafter as he "grabbed" a pile of leather to prevent it from falling he again felt a severe pain in his back. It was discovered later that his seventh dorsal vertebra had been fractured as a result of "musculature exertion." In the opinion of a physician the fracture was caused by the lifting and the subsequent pain experienced in readjusting the pile of leather was due to the grating fragments of bone. The single member found that the injury "did not arise out of his employment as a staker but was due to his participation with his fellow employees in the turning of a flywheel on an idle machine, which was being prepared for transfer to another department, as a practical joke on the maintenance man who had advised Mr. Mailloux that he was leaving the room to obtain a crane with which to move the flywheel. Shortly after the first accident the employee was pushing a load of leather which started to slip. As he grabbed it to prevent it from falling he felt pain in his back. With the help of another man he righted the load and pushed it to his machine. I find that this incident did no more than direct his attention to his already severely injured back and was in no way responsible for his subsequent disability. Accordingly, the employee's claim for compensation is denied." The reviewing board amended the first sentence of the member's decision as above quoted to read as follows: "However, I further find that this injury did not arise out of and in the course of his employment as a staker but was due to the employee's assumption of a risk not contemplated by his contract of hire in the turning of a flywheel on an idle machine, which was being prepared for transfer to another department, as a practical joke on the maintenance man who

had advised Mr. Mailloux that he was leaving the room to obtain a crane with which to move the flywheel." It then adopted the findings and decision of the single member as so amended.

The decision of the reviewing board "must be accepted as final if supported by evidence and not tainted by error of law." *Webb's Case,* 318 Mass. 357, 358. *Lapinsky's Case,* 325 Mass. 13, 15. See *Roney's Case,* 316 Mass. 732. The evidence was sufficient to warrant the finding of the board that the claimant received his injury while participating in a so called practical joke played on a fellow employee. We held in *Moore's Case,* 225 Mass. 258, where an employee was injured while "fooling" with another employee, that the board was correct in ruling that the injury to the employee "did not arise out of his employment." The principle involved is that which has governed decisions in similar cases arising in this and in other jurisdictions. See *Rochford's Case,* 234 Mass. 93; *Roberts's Case,* 284 Mass. 316; *DiLauro* v. *Bassetti,* 133 Conn. 642; *Shedlock* v. *Cudahy Packing Co.* 134 Conn. 672; *Hill* v. *Liberty Motor & Engineering Corp.* 185 Md. 596; *Rothfarb* v. *Camp Awanee, Inc.* 116 Vt. 172. An injury does not arise out of the employment when it results from the assumption of a risk not incidental to or connected with such employment. See *McNicol's Case,* 215 Mass. 497; *Hurley's Case,* 240 Mass. 357; *Babineau's Case,* 254 Mass. 214; *Horton's Case,* 275 Mass. 572, 573; *Roberts's Case,* 284 Mass. 316; *Zarba* v. *Lane,* 322 Mass. 132, 134, and cases cited; *Dillon's Case,* 324 Mass. 102, 106–107.

This is not a case where a nonparticipating employee is injured by the "fooling" or "horseplay" of others, see G. L. (Ter. Ed.) c. 152, § 26, as appearing in St. 1943, c. 529, § 8; *Burns* v. *Merritt Engineering Co.* 302 N. Y. 131, but is one where the employee's injury results from his own voluntary act which in no way pertains to his employment. There was no error in dismissing the claim.

*Decree affirmed.*