Rescripts.

EMILE J. MONAST *vs.* EDWARD A. BRODEUR & another. November 25, 1952. Decree affirmed with costs of the appeal. In June, 1948, the plaintiff entered into a written contract with the defendant Brodeur (hereinafter called the defendant) by which he agreed, at a fixed sum per house, to furnish the labor involved in the construction of several houses that the defendant was erecting. Thereafter considerable work was done by the plaintiff, but before the houses were finished the defendant terminated the agreement and engaged another contractor to complete them. One of the objects of this bill in equity — and the only one that need concern us — is to recover, on the basis of quantum meruit, a balance alleged to be due for the work performed. The defendant's answer included a counterclaim by which he seeks damages for alleged improper workmanship on the part of the plaintiff. A decree was entered awarding damages to the plaintiff in the sum of $1,500 and dismissing the defendant's counterclaim. The defendant appealed. The judge made findings of fact, and the evidence is reported. There was no error. The judge found that the defendant terminated the contract before completion without justification. In these circumstances the plaintiff may recover the fair value of his services. *Fitzgerald* v. *Allen,* 128 Mass. 232. *Dalton* v. *American Ammonia Co.* 236 Mass. 105, 107–108. The question of the amount of recovery was one of fact. The judge also found that the defendant had failed to establish any basis for recovery under his counterclaim. The findings, which are based mainly on oral testimony and are not plainly wrong, must stand. *Berry* v. *Kyes,* 304 Mass. 56, 57–58. We have considered the defendant's exceptions to rulings on evidence and find them lacking in merit. Most of them arose from the exclusion of questions put by the defendant in his case in chief and were not accompanied by offers of proof. *Commonwealth* v. *Farrell,* 322 Mass. 606, 623.

*Edward A. Brodeur,* pro se, submitted a brief.

No argument nor brief for the plaintiff.

LAMBERT CRICHLOW'S CASE. November 26, 1952. Decree affirmed. The single member found, and on review his findings were affirmed by the board of review of the Industrial Accident Board, that "the employee wished to ride the motorcycle [involved in the accident] for his own enjoyment; that he incurred a risk not contemplated by his employment and that his injury did not arise out of his employment." This was a finding of fact. It has been settled by decisions of this court too numerous to mention that findings of fact established by the single member and confirmed by the board on review will not be disturbed if there is any evidence to support them. Here the evidence was sufficient. *Karelis's Case,* 328 Mass. 224. "An injury does not arise out of the employment when it results from the assumption of a risk not incidental to or connected with such employment." *Mailloux's Case,* 328 Mass. 592, 594.

*Milton I. Smith,* for the claimant.

*Walter I. Badger, Jr., (Peter D. Cole* with him,) for the insurer.