ALFRED J. SABULIS'S CASE. November 9, 1956. Decree affirmed. On March 30, 1951, the employee sustained an injury while pulling wire through a die. He was disabled from April 10, 1951, to June 18, 1951, and received total disability, and dependency, compensation for that period. On June 19, 1951, he returned to work, and, except for the period from October 11, 1952, to November 15, 1952, when he was totally disabled, he has continued to work for the employer. The single member found that the employee was

entitled to total disability compensation for this period, together with dependency compensation. He further found that since June 19, 1951, the employee, except for the period just mentioned, was partially disabled and that this disability was causally related to the injury of March 30, 1951. The single member, accordingly, awarded the employee partial disability compensation of $12.54 a week from June 19, 1951, to the present time, exclusive of the period from October 11, 1952, to November 15, 1952. This compensation, aggregating $1,968.78, represents the difference between the employee's present weekly earning capacity of $61.79 and his former weekly wage of $74.33. The reviewing board adopted the findings of the single member, "excepting as to the degree and extent of the employee's incapacity and the amount of compensation awarded therefor." The reviewing board modified the findings and decision of the single member by finding that, although the employee had "some disability resulting from his injury of March 30, 1951, he has not been incapacitated from earning his pre-injury average weekly wage . . . excepting for the period of October 11, 1952, to November 15, 1952, during which he was hospitalized on account of said injury and was totally incapacitated for work." A decree was entered in the Superior Court in accordance with the decision of the reviewing board, from which the employee appealed. There was no error. Whether the employee was partially disabled as a result of the original injury was peculiarly a question of fact for the board to decide. The findings of fact made by the board are final if there was any evidence to support them. The judge had no power to find facts and could overturn the decision of the board only if the opposite result was required as matter of law. *Karelis's Case*, 328 Mass. 224. There was ample evidence, which need not be narrated, to justify the findings of the board. The contention of the employee that the board's findings were offensive to the principles set forth in *Roney's Case*, 316 Mass. 732, 734–736, is without merit.

*William J. Cullen*, for the claimant.
*Philip Minor*, for the insurer.