MYRON BLANCHARD'S CASE.

Suffolk. November 7, 1956. — December 10, 1956.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Assault; Serious and wilful misconduct of employee; Procedure: findings by Industrial Accident Board, recommittal to Industrial Accident Board, appeal, costs.

Warranted findings by the Industrial Accident Board in a workmen's compensation case that during the course of the employment the claimant was injured when, in a sudden quarrel with a fellow employee of equal grade "over the possession of a new spreader for a spray gun owned by their employer," the employees grabbed tools near at hand and exchanged blows, justified a conclusion that the injury to the claimant arose out of the employment, irrespective of who struck the first blow. [176–177]

Evidence in a workmen's compensation case would have warranted a finding by the Industrial Accident Board that the claimant, injured when he and a fellow employee grabbed tools and exchanged blows in a sudden quarrel "over the possession of a new spreader for a spray gun owned by their employer," was not barred from compensation by reason of serious and wilful misconduct on his part. [178]

Upon the facts appearing in a workmen's compensation case in which the Industrial Accident Board made no express finding that the claimant was not barred from compensation by reason of serious and wilful misconduct on his part, such a finding was implicit in an award of compensation by the board. [178]

Where nothing in the record of a workmen's compensation case indicated that the issue of serious and wilful misconduct of the claimant was pressed by the insurer before the Industrial Accident Board, this court, on appeal from a decree awarding compensation in accordance with the board's decision, declined to order the case recommitted to the board for findings on that issue. [178–179]

An appeal by the insurer from a final decree of the Superior Court awarding compensation in a workmen's compensation case was not regarded as frivolous within the meaning of G. L. (Ter. Ed.) c. 152, § 14, and

an assessment of costs thereunder upon the insurer was not imposed, where the record presented a situation raising a reasonable doubt whether certain principles of law on which the decree was based were applicable. [179]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

The case was heard by *Morton, J.*

*James C. Gahan, Jr., (Michael L. Antonellis* with him,) for the insurer.

*Paul A. D'Agostino,* for the claimant.

CUTTER, J. This is an appeal by an insurer from a decree awarding compensation to the employee. The principal present contentions of the insurer are (1) that, while the injury arose in the course of the employment, it did not arise out of it; (2) that the board erred in not finding the employee guilty of serious and wilful misconduct; and (3) that the trial judge erred in denying a motion of the insurer for recommittal of the case to the board to take further evidence.

The injury was found by the single member (whose findings were adopted by the reviewing board) to have occurred in the following manner. The employee quarreled with one Quick, a fellow employee, "over the possession of a new spreader for a spray gun owned by their employer." Quick accused the employee of taking the spreader from him, and, in the course of an argument which followed the employee's refusal to relinquish the spreader, blows were exchanged between them, causing the injuries here under consideration. It was found also that "the injury arose out of and in the course of the employment since the fight had its origin in the nature and conditions of the employment and who struck the first blow is immaterial." The evidence warranted this finding and the subsidiary findings.

This type of injury was very fully discussed in *Dillon's Case,* 324 Mass. 102, 105–111, and it was there held that compensation could be paid to an injured employee, who struck the first blow in a fight during a dispute relating to

aspects of the work in which both the combatants were engaged. There, to be sure, the injured employee was a minor foreman or gang leader, acting in what he conceived to be the interests of his employer, and trying to obtain maximum work from his subordinates. Here, the two combatant employees were apparently of equal grade. In *Dillon's Case* no weapons were used in a fight which grew out of a long smoldering resentment of the injured employee's methods of supervising work. Here, in a suddenly exploding quarrel, both participants in their volatile wrath at each other grabbed tools near at hand as weapons and used them, rather than their bare fists, to inflict injury.

The differences just mentioned, between *Dillon's Case* and the case now before us, do not seem to us to be significant. In certain types of industrial employment, human nature being what it is, quarrels incidental to the employment cannot be regarded as improbable and unforeseeable risks of the occupation. *Dillon's Case* establishes that the courts will sustain decisions of the Industrial Accident Board awarding compensation, when supported by reasonable evidence of injuries from fights occurring during the ordinary routine of employment and in connection with incidents of that employment. We do not intend to suggest that particular conduct of individual employees, under special circumstances not shown by this record, may not present in the future situations where the principles of *Dillon's Case* will not be applicable.

General Laws (Ter. Ed.) c. 152, § 27, as appearing in St. 1935, c. 331, reads: "If the employee is injured by reason of his serious and wilful misconduct, he shall not receive compensation; but this provision shall not bar compensation to his dependents if the injury results in death." The insurer now contends that the employee is barred from recovery by § 27 and that the single member and the reviewing board erred in not finding Blanchard guilty of serious and wilful misconduct, or at least in failing to make such specific and complete subsidiary findings as would enable

this court to determine whether the ultimate findings were based on correct principles of law. In *Dillon's Case*, 324 Mass. 102, 110, it was held that the subsidiary findings there made did not, as a matter of law, establish serious and wilful misconduct on the part of the employee and the court declined to set aside as unwarranted an express finding by the board that there had been no serious and wilful misconduct by the employee. There is, however, in the present case no express finding by the single member or the reviewing board that the conduct of the injured employee was not "serious and wilful." On the basis of the material evidence reported in the present record in summary form, such an express finding would plainly have been warranted on the principles stated in *Dillon's Case*. We feel that, upon the facts here appearing, as to the extent to which any issue of serious or wilful misconduct was raised before the single member and the reviewing board, such a finding either was not required at all or may be regarded as implicit in the general finding and ruling that the injured employee is entitled to compensation and that, so considered, this implicit finding is consistent with the subsidiary findings.

It is by no means clear that the issue of serious and wilful misconduct was raised at all by the insurer before the single member and the reviewing board. Certainly nothing in the record would indicate that any issue under § 27 was seriously argued there. If the insurer did not raise the issue there, it cannot complain now that the issue was not dealt with specifically, or in less general terms, in the single member's decision. See *Korobchuk's Case*, 277 Mass. 534, 536–538; *Di Clavio's Case*, 293 Mass. 259, 261; *Akins's Case*, 302 Mass. 562, 565–566; *Demetre's Case*, 322 Mass. 95, 101. See for an analogous situation *Rich's Case*, 301 Mass. 545, 547. If the insurer did raise the issue before the single member and the reviewing board, it should have taken appropriate steps to preserve in the record evidence of that action. See *Charron's Case*, 331 Mass. 519, 523.

This court will sustain the general finding of the reviewing board if possible (*Demetre's Case*, 322 Mass. 95, 98) and

we should be slow to order that a case be recommitted to the board for amplification of its findings on an issue as to which the record does not show that the board, by proper procedural steps, was fairly put on notice that the issue was seriously in dispute. The insurer, to conform with good practice, should have made it plain at an early stage of proceedings before the single member that an issue under § 27 was being seriously contested and that express findings on that issue were desired.[1] The single member, of course, on her own motion, if there had been any reason to suppose that issues under § 27 were being raised, should have made adequate subsidiary and ultimate findings on these issues, thus establishing a record upon which the Superior Court could determine with reasonable certainty whether correct rules of law had been applied to the facts. See *Moore's Case*, 330 Mass. 1, 5–6.

One ground of the insurer's motion to recommit was for further findings whether the injuries suffered by the employee arose because of "horseplay" on the part of the employee and another. The character of the conduct which gave rise to the injury was made abundantly clear by the subsidiary findings, based fairly on the evidence. There is no evidence which would warrant a finding of "horseplay" or "fooling." Compare *Mailloux's Case*, 328 Mass. 592, 594.

Costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended by St. 1949, c. 372, shall be allowed by the single justice. The request made by the employee in his brief that the present appeal be regarded as frivolous within the meaning of G. L. (Ter. Ed.) c. 152, § 14, as amended by St. 1953, c. 314, § 6, is denied. The record presented a situation of fact on which there might be reasonable doubt whether the principles of *Dillon's Case* were applicable.

*Decree affirmed.*

---

[1] This may be required by a rule of the board. A rule dealing with this subject was mentioned in the employee's brief. Since the rule does not appear in the record, it is not before us (*Finlay* v. *Eastern Racing Association, Inc.* 308 Mass. 20, 26–28; see *Mastrullo* v. *Ryan*, 328 Mass. 621, 622) and we have not taken it into account in any way.