STANLEY BATOR'S CASE.

Hampden.   September 24, 1958. — November 13, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.   *Words,* "Arising out of."

An employee, who fell to the floor and was injured in the room in which he worked when he lost his balance while attempting to step from one hand truck to another in order to rest therein during his lunch period in keeping with a daily custom of employees, sanctioned by the employer, of sitting or lying down in the trucks during lunch periods, might properly be found to have received an injury arising out of and in the course of his employment within the workmen's compensation act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Lurie,* J.

*Walter A. Aranow,* (*Donald W. O'Neil* with him,) for the claimant.

*Arthur E. Quimby,* for the insurer.

COUNIHAN, J.   This is a claim for workmen's compensation under G. L. c. 152, § 26, as amended through St. 1955, c. 174, § 5.   The single member after hearing denied the claim.   Upon a claim of review the reviewing board reversed the decision of the single member and awarded compensation.   Both the single member and the reviewing board expressly found that the injury was not caused by the serious and wilful misconduct of the employee.   G. L. c. 152, § 27, as amended through St. 1935, c. 331.   Upon certifica-

tion to the Superior Court a judge entered a decree dismissing the claim because the employee's injuries were sustained by voluntarily incurring a risk not contemplated by his contract of employment or incidental to it and therefore he did not receive any injury arising out of and in the course of his employment. The case comes here upon the appeal of the employee from this decree. We are of opinion that there was error.

No citation of authority is necessary to demonstrate that the decision of the reviewing board supersedes that of the single member. Such a decision by the reviewing board must be upheld if supported by any evidence, unless tainted by error of law. *Chouinard's Case,* 325 Mass. 152, 153. There was ample evidence to support the decision of the reviewing board and there was no error of law.

We summarize the facts: The claimant had been employed by the Ludlow Manufacturing and Sales Company for over thirty years. On August 30, 1955, he was working in the so called "preparing room." In one end of this room there were a number of hand trucks or boxes of various sizes. Some of the boxes were partially or wholly filled with jute or rope. Each box had four wheels, two of similar size opposite one another and two smaller wheels on opposite ends of the box, which did "not hit the floor."

It was the daily custom of employees to sit or lie down in one of these boxes after they had eaten their lunch. There were no restrictions, prohibitions or rules in force relative to this custom, which was well known to the employer. After finishing his lunch the claimant climbed into one of the six foot boxes which contained some jute. It was hot there and he decided to get into one of the four foot boxes which contained rope. To do that he stepped into another four foot box with jute in it, which was between the six foot box and the box with the rope in it. As he was attempting to step from the first four foot box to the other with rope in it, he lost his balance and fell to the floor sustaining injury.

The insurer contends that when an employee makes an unusual, unnatural and unforeseen use of a facility used in

his employment which in no way advances his employer's interest, he creates a personal peril outside the scope of his employment as that term is understood for compensation purposes. We cannot accept this contention as controlling on the facts shown in the record in the instant case. The facts in the only cases [1] cited by the insurer in its brief are entirely dissimilar to the facts in the instant case.

The reviewing board has found here that the employee was acting within the scope of his employment at the time of the accident and we cannot say as matter of law that there was no evidence to warrant that finding.

This court has never adopted the narrow view that an employee must be engaged in the actual performance of his duties at the moment of injury in order to recover compensation under our statute. All that is required is that his activity be incidental to and not inconsistent with his employment. The definition of "arising out of" was fully stated in *Caswell's Case*, 305 Mass. 500, 502: "An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects."

In the case before us the claimant was resting during his lunch period in a manner which apparently was approved of by his employer and indulged in by many of his co-workers. The board was warranted in finding that it was a practice incidental to his employment and that if he sustained injury thereby he was entitled to compensation. *Chapman's Case*, 321 Mass. 705, 710–711. *Demetre's Case*, 322 Mass. 95, 99. *Chouinard's Case*, 325 Mass. 152, 154. *Baran's Case*, 336 Mass. 342.

To the extent that there is anything to the contrary in some of our earlier cases like *Koza's Case*, 236 Mass. 342, *Eifler's Case*, 276 Mass. 1, and *Roberts's Case*, 284 Mass. 316, we are not disposed to follow them. See *Demetre's Case*, 322 Mass. 95, at p. 99, and cases cited therein.

---

[1] *Wozniak's Case*, 299 Mass. 471. *Webb's Case*, 318 Mass. 357.

The decree of the Superior Court is reversed, and a decree must be entered for the employee for compensation under the act. Costs of this appeal under G. L. c. 152, § 11A, inserted by St. 1945, c. 444, as amended, may be allowed by the single justice.

*So ordered.*