*Municipal Court of the City of Boston*

No. 481504

**COUNTY PAINT CO.**

v.

**DAVID C. VANCE**

**AND**

**FIRST NATIONAL BANK, TRUSTEE**

(December 19, 1958 — May 1, 1959)

*Present:* Lewiton, J. (Presiding), Roberts & Shamon, JJ.

Case tried to *Gillen, J.*

*Shamon, J.* Action of contract in two counts to recover for materials and labor furnished. In Count one, the plaintiff alleges that the defendant owes it the sum of $855.26 according to an account annexed, reciting that the alleged debt was incurred for paint, wall-paper, labor and materials furnished by the plaintiff to the defendant. In Count two, the plaintiff seeks to recover the same amount on a quantum meruit. In answer, the defendant filed a general denial, payment, and alleged that the plaintiff intentionally departed from the terms of the contract and that the work was done in an unworkmanlike and negligent manner.

*At the trial there was evidence* by one George C. Iverson, Jr., president and treasurer of the plaintiff, that the defendant, who had finished building a house at 39 Freeman Avenue, West Roxbury, suggested to him, that he examine the premises with a view to giving the defendant a price for painting it; that after inspecting the premises and receiving from the defendant instructions as to what he desired to be done, Iverson told the defendant that for the sum of $855.26, the plaintiff would stain all the inside woodwork and would paper certain rooms and apply

one coat of luminal to the ceilings. The work was started on or about February 18, 1958 and completed on March 16, 1958. The work was done in a good and workmanlike manner and the fair value of the work and materials supplied was $855.26. On several occasions the plaintiff requested payment but the defendant refused to pay anything, stating that he was not satisfied with the work, but that he would pay the sum agreed upon in the agreement as soon as the plaintiff completed the work.

*There was evidence that* the defendant was not satisfied with the plaintiff's work because the latter had not painted the top and bottom of every door and window in the house and the area above every door frame and because the stainless steel air vents of the radiators had been covered with paint, and that the putty used in filling nail holes was not consistent with the color of the wall where these nail holes were located; that there were other minor details of which the defendant complained such as: baseboards in the basement did not have four coats of paint; that fifty nail holes in the basement wall were not filled with putty; that sides of risers on the stairway connecting the first floor and basement were painted over dirt.

The judge took a view of the premises and inspected the rooms as well as the basement where the work was done.

There was a finding for the defendant on Count one and a finding for the plaintiff on Count two in the sum of $725.00.

The court made the following findings of fact and rulings of law:

"To recover on the contract there must be a complete performance. But I find for the plaintiff on count two. There was a substantial performance of the contract. There was no willful deviation."

The defendant's requests for rulings, and the judge's action thereon were as follows:

"1. There is not sufficient evidence to warrant a finding for the plaintiff. *Denied.*

2. In order to prevail, the plaintiff must prove that he fulfilled each and every term of his contract. *Allowed with the addition of 'substantially and in good faith.'*

3. In a painting contract the law of substantial performance does not prevail but the contractor must actually complete each and every detail of this contract in order to recover. *Denied.*

4. The law will not imply a contract where there has been a breach of the express contract. *Yes—a breach wilfully and in bad faith—here I find the plaintiff substantially performed in good faith.*

5. In order to prevail where the declaration is in an account annexed, the plaintiff must prove that he had completed his part of the contract and if there is any work undone with reference to his contract, the plaintiff cannot recover. *Denied in view of the fact that I find on count two for the plaintiff."*

The defendant's grievance is based on the refusal of the trial court to grant the requests for rulings numbered 1, 2 and 5.

■ To have granted the defendant's first request would be tantamount to holding that the evidence permitted no finding for the plaintiff. The evidence was conflicting and the

credibility of the parties and their witnesses was for the trier of the facts. The court by finding for the defendant on Count 1 and for the plaintiff on Count 2 in a less amount than was requested, thereby indicated that it weighed the evidence and made such finding of fact as in its discretion was indicated.

Findings of fact based on conflicting evidence will be sustained if they can be supported by the evidence and any reasonable inferences to be drawn therefrom. *Commissioners of Woburn Cemetery v. Treas. of Woburn*, 319 Mass. 86, 92; *First Nat. Stores, Inc. v. H. P. Welch Co.*, 316 Mass. 147, 149; *McKenna v. Andreassi*, 292 Mass. 213; *Cadman v. Bean*, 312 Mass. 570; *Moss v. Old Colony Tr. Co.*, 246 Mass. 139.

It is elementary that findings of fact will not be reversed unless plainly wrong. *Monast v. Brodeur*, 329 Mass. 767; *Zelesky v. Zelesky*, 330 Mass. 132; *Trade Mut. L. Ins. Co., v. Peters*, 291 Mass. 79, 83-84; *Berry v. Kyes*, 304 Mass. 56-57, 58.

The court's finding for the defendant on Count 1 was based on the finding that the plaintiff did not completely perform the contract; however, the finding for the plaintiff on Count 2 is based on the express finding that the plaintiff substantially completed its contract and that there was no wilful deviation. The specific finding of the court in this manner sufficiently disposes of the defendant's grievances as to the court's rulings on Requests 2 and 5.

Since the sole question before us is the

propriety of the court's rulings on the defendant's requests numbered 1, 2 and 5, it is our opinion that there was ample evidence to support the findings of the .court, and since such findings must be sustained if they can be supported upon any reasonable view of the evidence, including such rational inferences as the evidence warrants, we conclude, therefore, that the judge's rulings were correct. *DiNoto v. Gilchrist Co.,* 332 Mass. 391; *Hosmer v. C.,* 302 Mass. 495; *Moss v. Old Colony Tr. Co.,* 246 Mass. 139; *State St. Tr. Co. v. Lawrence Mfg. Co.,* 284 Mass. 355.

*Report dismissedd.*

*William Hadgi* of Boston, for the Plaintiff.

*Abraham Newman* of Roslindale, for the Defendant.