*Municipal Court of the City of Boston*

No. 486914

**MARY PUGLIESI, a-k-a
MARY MAHERISO**

v.

**REGINALD J. JACQUOT**

(June 26 — September 11, 1959)

*Present:* Roberts, J., (Presiding), Fox and Shamon, JJ.

Case tried to *Morrissey, J.*

*Shamon, J.* Action of contract to recover $2,760, evidenced by three promissory notes of $920.00 each dated November 30, 1956. The answer is a general denial, payment, denial of consideration, denial of signature and partial failure of consideration. The denial of signature was waived as a defence at the trial.

*The evidence tended to prove that* the plaintiff requested the defendant to teach her husband the business of selling; that there was evidence that the defendant requested the sum of $1,000 of the plaintiff on New Year's Eve, 1955; that the plaintiff gave her husband $4,000 to purchase a new car and that she gave him also $1,000 to give to the defendant;

that the plaintiff's husband went to work for the defendant as a salesman early in 1955 and that the plaintiff's husband (now her ex-husband) now owns the business and the defendant no longer is interested in it.

*The evidence further tended to prove that* the plaintiff called the defendant long distance in April of 1956 advising him that the C.I.T. Corporation was threatening to repossess her husband's car for non-payment of notes held by it on the car and that the defendant told her to pay the April payment and that he would pay the remaining notes; that later on the defendant promised to pay the plaintiff the amount she would pay on the balance of the notes if she would pay them herself; that the plaintiff paid about $600 for upkeep and expenses of her husband's car in early 1955.

*The evidence further tended to prove that* in November, 1956 the plaintiff and her now divorced husband went to the defendant's home and at this time the plaintiff stated that she had no way to prove the amount she had paid for her husband's car but that it was about $2760.00 which included the $1,000 given to her ex-husband to give to the defendant and the sum of $600 for expenses to her said husband for car operation; that the defendant agreed to send notes in the amount of $2760 by mail which were sent and upon which the sum of $60.00 was paid thereon.

*The evidence further tended to prove that* the defendant did not request the $1,000 loan, the payment of the notes to the C.I.T. or to pay the $600 expenses of car operation; or the visit of the plaintiff and her husband to

the defendant's house and that the notes for $2,760 were sent to the plaintiff as a "moral obligation".

The court found as follows:

"I find that the automobile for which the plaintiff made payments was about to be repossessed by the Universal C.I.T. Credit Corporation and that the defendant expressly requested the plaintiff to make monthly payments on the car and that he, the defendant, would reimburse her. I further find that the notes for which the suit is brought were given by the defendant in pursuance of this express promise. I further find that it was necessary for the plaintiff's husband to have the use of the automobile in question to carry on duties as an employee of the defendant."

The court found for the plaintiff in the sum of $2,700.00.

The exhibits which were admitted in evidence were checks showing payments to the C.I.T., and the three notes sued upon all payable to the plaintiff.

The defendant claims to be aggrieved because of the judge's denial of his Requests for Rulings, as follows:

"5. That the Plaintiff is not entitled to recover because 'Absence or failure of consideration is a matter of defense as against any person not a holder in due course — partial failure equals a defense pro tanto.' G. L. c. 107, s 51".

"7. That if the notes alleged were given after the amounts had been expended by the Plaintiff, and said amounts were not originally paid at Defendant's request, then, 'It falls within the rule that an executed and past consideration is not sufficient to support a subsequent

promise.' and the Plaintiff is not entitled to recover. *Morse v. Mason,* 103 Mass. 560".

"8. That if notes were given by the Defendant to the Plaintiff for services previously rendered or money previously advanced voluntarily by the Plaintiff and not at Defendant's request, then, it would come under the rule 'Services rendered do not furnish sufficient consideration to support subsequent promises to pay therefor.' and the Plaintiff is not entitled to recover. *Conant v. Evans,* 202 Mass. 34".

In all of his rulings on these requests, the judge found that there was consideration advanced to the defendant by the plaintiff and he did not find the facts upon which such requests were predicated.

The evidence presented to the trial judge was conflicting and the credibility of the parties and their witnesses was for the trier of the facts. In finding for the plaintiff the judge indicated that he weighed the evidence and made such findings as he in his discretion felt were warranted.

Findings of fact on conflicting evidence will be sustained if they can be supported by the evidence and any reasonable inferences to be drawn therefrom. *Commrs. of Woburn Cemetery v. Treas. of Woburn,* 319 Mass. 86, 92; *First Nat. Stores, Inc. v. H. P. Welch Co.,* 316 Mass. 147, 149; *McKenna v. Andressi,* 292 Mass. 213; *Codman v. Bean,* 312 Mass. 570; *Moss v. Old Colony Trust Co.,* 246 Mass. 139.

It is elementary that findings of fact will not be reversed unless plainly wrong. *Monast v. Brodeur,* 329 Mass. 767; *Zelesky v. Zelesky,* 330 Mass. 132; *Trade Mutual Lia. Ins.*

*Co. v. Peters,* 291 Mass. 79, 83-84; *Berry v. Keyes,* 304 Mass. 56-57, 58. Since the sole question before us is the propriety of the court's rulings on the defendant's requests Nos. 5, 7 and 8, it is our opinion that there was ample evidence to support the finding of the court, and since such findings must be sustained if they can be sustained upon any reasonable view of the evidence, including such rational inferences as the evidence warrants, we conclude, therefore, that the rulings of the judge were correct.

*Report dismissed.*

*Joseph R. Nolan,* of Boston for the Plaintiff.

*Milton I. Smith,* of Boston for the Defendant.