### ARMAND MERCIER'S CASE.

Worcester.   December 9, 1965. — February 14, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Serious and
wilful misconduct of employee.

Evidence in a workmen's compensation case that the claimant, needing a
four-wheeled truck for his operation of a cloth-pressing machine, found
one near a machine operated by a fellow worker, took the truck without
the knowledge of that worker to his own machine, noticed a second
fellow worker and close friend smiling, placed his left arm around the
shoulder and chest and his right hand over the mouth of the friend,
saying "Don't talk! Don't talk," and was injured in a fall when the
friend, surprised, tumbled over warranted a finding that the claimant's
injury arose out of and in the course of his employment under G. L.
c. 152, § 26, and that compensation to him was not barred under § 27
by any serious and wilful misconduct on his part.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Meagher,* J.

*Robert C. Milton* for the insurer.

*Donald A. Kurzon* for the claimant.

KIRK, J.   The insurer appeals from a final decree award-
ing compensation and allowing costs to the claimant (Mer-
cier) for an injury which, as found by the single member,
whose findings were affirmed and adopted by the reviewing
board, arose out of and in the course of his employment.

The appeal is based on the grounds that the findings were
not warranted as matter of law because of the lack of evi-
dence, were erroneous in law in that the injury was sus-
tained while Mercier was playing a joke on another worker,
and on the further ground that Mercier was injured by his
own serious and wilful misconduct (G. L. c. 152, § 27) and
thus barred from compensation.

We consider the appeal in the light of the established
standard of review stated in *Hartman's Case,* 336 Mass.

508, 511.   The single member found the following facts.
On March 8, 1963, Mercier reported at his place of employ-
ment, the Hayward-Schuster Woolen Mills, Inc.   He was
assigned to operate a "semi-decatur," a cloth-processing
machine.   Proper use of the machine required two flat,
four-wheeled trucks, one to hold the cloth for feeding into
the machine, the other to carry the cloth after processing.
Employees could get these trucks somewhere in the depart-
ment by looking for them.

Shortly after beginning work, Mercier looked for a truck
to use with the one he already had so that he could operate
his machine.   He found one near a machine operated by a
fellow-worker, Macuga, and took it to his own machine.
Almost immediately, Macuga approached Mercier, spoke to
him about the truck, jostled him slightly, and then returned
to his own place.   (It appears that Macuga was not aware
that Mercier had taken the particular truck which had been
near his machine.)   At this point, Mercier noticed a nearby
worker and close friend, one Biron, smiling.   Thinking that
Biron might tell Macuga about the truck, Mercier ap-
proached Biron, who was bending over a pile of cloth that
had passed through his machine, placed his left arm around
Biron's shoulder and over his chest, and his right hand
over his mouth, saying, "Don't talk!   Don't talk!"   Sur-
prised, Biron tumbled over, causing Mercier to fall and
fracture his left femur.   The single member concluded that
the injury arose out of and in the course of Mercier's em-
ployment (G. L. c. 152, § 26) and that compensation was
not barred by any serious and wilful misconduct on his
part (G. L. c. 152, § 27).

We have read the evidence.   It amply supports the facts
found.   The facts found provide, in turn, an adequate
foundation for the conclusion reached.   These facts show:
the need for trucks in the operation for which Mercier was
employed, the availability of trucks in the department
where he worked, his taking of a truck to do his work, his
steps to retain possession of it, and the consequent injury.
It seems to us irrelevant that there was no evidence of a

custom which permitted one employee to take the truck of another. There was, in any event, evidence from Macuga that he usually used "extra trucks." The factual conclusion that Mercier's acts were in the pursuit of his work was clearly supportable.

The insurer cannot prevail in its contention that the finding that Mercier's injury arose out of and in the course of his employment is erroneous in law because the injury was suffered while he was playing a joke on a fellow employee. That there was the element of a prank or joke involving Biron and Macuga in connection with Mercier's efforts to get and retain possession of a truck does not require the conclusion that his injury resulted "from his own voluntary act which in no way pertains to his employment." *Mailloux's Case,* 328 Mass. 592, 594. Mercier's injury could be said to have flowed from an act which, although voluntary, was subordinate and incidental to and consistent with his main purpose which was the retention of the truck to do his work. "All that is required is that his activity be incidental to and not inconsistent with his employment." *Bator's Case,* 338 Mass. 104, 106. Although the specific act which resulted in the injury was not an act which the employee was hired to do, we have held that it "is enough if he is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment." *Souza's Case,* 316 Mass. 332, 335, and cases cited. In the circumstances, Mercier's act arose out of and was in the course of his employment so that the injury sustained thereby is compensable under G. L. c. 152, § 26.

Finally, the insurer contends that the claim is barred because of Mercier's serious and wilful misconduct. G. L. c. 152, § 27. "The word serious refers to the conduct itself and not to its consequences." *Dillon's Case,* 324 Mass. 102, 110. In view of the kinds of activity found not to be "serious and wilful," as, for example, in *Blanchard's Case,* 335 Mass. 175, it cannot be said that placing an arm over the shoulder and a hand over the mouth of a friendly fellow-

worker is quasi-criminal conduct of the sort implied by the statutory words "serious and wilful." See *Durgin's Case,* 251 Mass. 427, 430.

The findings and decision of the single member, as approved by the reviewing board, were warranted by the evidence, were not erroneous in law, and are not affected by any serious and wilful misconduct by Mercier. The decree is affirmed. The single justice may allow costs of the appeal.

*So ordered.*