LoConto, J.
This is an appeal by the defendant of the trial judge’s finding in favor of the plaintiff. The defendant claims to be aggrieved by the court’s action with respect to eight requests for rulings. We find that the trial judge committed no error that injuriously affected the substantial rights of the parties and thereby dismiss the petition.
The following facts, as reported to this division, are necessary to an understanding of the issues in this case.
On a Sunday in October, 1986, the plaintiff caused his inoperable, 1981 Saab automobile to be towed to the defendant repair business. At that time the vehicle was valued at five thousand dollars. In accordance with procedure provided by the defendant, the plaintiff prepared a repair form and left same with his keys, along with his automobile, to be repaired by the defendant. Later, a representative of the defendant informed the plaintiff that the repairs would cost $900.00 and the plaintiff authorized the work to be done. No written estimate was given. With tax, the repair bill was $1,150.99. Having been informed by the plaintiff that he had no money to pay for any repairs, the defendant exercised its lien and did not release the automobile. (We assume compliance with G.L.c. 255, §25). Although there were signs in the garage notifying the public of storage charge rates for vehicles left with unpaid bills, the plaintiff never saw same, nor was he notified of such charges by the defendant. The defendant periodically called the plaintiff seeking payment of the repair bill.
In March, 1987, an investigator with the credit union holding a secured lien on the vehicle was directed by the plaintiff to the defendant’s place of business. At this time the plaintiff was in arrears of his auto payments. A couple of days later, the plaintiff was informed for the first time by this investigator that his car had been vandalized and damaged. There were no calls made by the defendant to the plaintiff after the vehicle was vandalized.
In October, 1987, the plaintiff went to the defendant’s place of employment to retrieve his automobile, having repaid his auto loan. At this time, the defendant acknowledged that in addition to vandalism, a garage door fell on the plaintiff’s vehicle causing damages of $3,340.00. The defendant’s representative informed the plaintiff that his vehicle would not be released until the original repair bill of $1,150.99 was paid. A 93A demand letter was sent on January 8,1988. During the pendency of the case, the car was junked by the defendant.
The trial judge found for the plaintiff as to all three counts of the complaint, that is negligence, breach of contract and a consumer protection violation. The damages were assessed at $5,000.00 as to all three counts and limited to double damages of $10,000.00 plus attorney fees and costs as to the consumer protection violation.
This Division’s authority is limited to review of rulings which have been reported and to matters of law arising in connection with the making of the report. *180 We are not authorized to review findings of fact. Elliott v. Warwick Stores, Inc., 329 Mass. 406 (1952). Findings of fact on conflicting evidence will be sustained if they can be supported by evidence and any reasonable inferences to be drawn therefrom. Pugliesi v. Jacquot, 18 Mass. App. Dec. 91 (1959).
The defendant is aggrieved of two rulings, numbers three and four, wherein the court granted the requested ruling that the defendant cannot be held liable where the plaintiff abandoned his vehicle, but found as a fact that no abandonment occurred.
The court was permitted to find that the plaintiff had not abandoned his motor vehicle. The court found that the defendant informed the plaintiff not to worry about his inability to pay for the repairs when originally completed. Thereafter, the plaintiff did not arbitrarily leave the vehicle with the defendant, but the defendant exercised its lien and held the vehicle until payment was made. Further, there was evidence that the defendant periodically called the plaintiff and no evidence presented that the plaintiff told the defendant to keep the vehicle. The plaintiff eventually made all the payments to the secured lien holder, an act inconsistent with abandonment of the motor vehicle. The judge’s finding that the plaintiff had not abandoned his motor vehicle is supported by the evidence.
In addition, the defendant is aggrieved of six additional rulings which address the counts of negligence, breach of contract and the consumer protection violation.
When the plaintiff brought his motor vehicle to the defendant for repairs, a bailment for hire was created. Rourke v. Cadillac Automobile Co. of Boston, 268 Mass. 7 (1929). In such a case, the repair shop is liable for loss or damage for its failure to exercise that degree of care which would reasonably be expected from an ordinarily prudent man under similar circumstances. Knowles v. Gilchrist Co., 362 Mass. 642 (1972).
The judge was permitted to find that the defendant was negligent in the manner in which it stored the plaintiffs vehicle. She found that the defendant’s business was located in an area where vandalism was high, but it had no system of protecting, checking, or ascertaining the condition of vehicles. In addition, incidents of vandalism were not documented and no policy existed for notifying owners when vandalism occurred.
The judge’s decision on the breach of contract claim is supported not only by her findings that the value of the repairs exceeded the estimate, but also, on account of the defendant’s inability to return the vehicle in good repair.
As to the 93A count, the judge found that it was unfair and deceptive for the repair shop to seek storage charges when the plaintiff had not been notified of same and to exercise a mechanic’s lien not only for the unpaid repairs, but also for the storage charge. In addition she found that the defendant did not make a good faith effort to notify the plaintiff of the vandalism or to notify the plaintiff it had disposed of the vehicle. These facts support the judge’s ultimate conclusion that there was a wilful or knowing violation of chapter 93A.
We find that the trial judge’s findings are supported by the evidence and that she committed no error that injuriously affected the substantial rights of the parties.
Petition dismissed.